427 So.2d 1130 (1983)
William H. BAKER and Genevieve S. Baker, Individually and for the Use and Benefit of WHITTAKER CONSTRUCTION CO., a Dissolved Co-Partnership, Appellants,
v.
CITY OF ORLANDO, a Municipal Corporation of Florida, et al., Appellees.
No. 82-362.
District Court of Appeal of Florida, Fifth District.
March 16, 1983.
Russell W. Layton of Driscoll, Langston & Kane, P.A., Orlando, for appellants.
*1131 Michael S. Webb, Sr. Asst. City Atty., Orlando, for appellees.
FRANK D. UPCHURCH, Jr., Judge.
Appellants William and Genevieve Baker, individually and for the use and benefit of Whittaker Construction Company, a dissolved co-partnership, appeal from a final summary judgment in favor of appellee City of Orlando.
The Bakers were partners with Billie and Edna Whittaker in Whittaker Construction Company. Whittaker Construction Company entered into a construction contract with the City of Orlando in January, 1977, for the building of a sidewalk but during construction, a dispute arose between the company and the city. On April 27, 1977, the city notified the company that the construction contract was terminated effective April 26, 1977.
By letter dated April 28, 1977, the Whittakers notified the Bakers that they were terminating the partnership. Thereafter, the Whittakers and the city reached a settlement as to the amount of money owed to the company for extras and the Whittakers executed a document releasing the city from further liability under the construction contract.
The Bakers sued for a declaratory judgment, claiming that the Whittakers were not authorized to settle the partnership's claims against the city, or to execute a release for the partnership in favor of the city
The initial question is whether the Whittakers properly terminated the partnership. Under the Uniform Partnership Act, chapter 620, Florida Statutes (1981), where a partnership agreement is not for a fixed period of time, the partnership may be dissolved at any time by the express decision of either partner. § 620.71(1)(b), Fla. Stat. (1981). Here, there was a provision in the partnership agreement providing for the duration of the partnership:
This partnership shall continue until such time as one of the partners hereto gives notice in writing to the other partners of his intention to dissolve the partnership; provided that the partnership shall not be dissolved until any job on which the partnership has made a bid which is still outstanding or on which work is still in progress has been completed.
The partnership affairs consisted solely of the job with the City of Orlando. The city terminated work on this job and the next day the Whittakers gave written notice of partnership termination to the Bakers. Since the partnership work on the job had been completed by virtue of the city's action, the Whittakers acted properly in terminating the partnership.
Section 620.74, Florida Statutes (1981), provides that unless otherwise agreed:
[P]artners who have not wrongfully dissolved the partnership ... [have] the right to wind up the partnership affairs... .
Since the Bakers and the Whittakers did not otherwise agree and the Whittakers did not wrongfully dissolve the partnership, they had authority to wind up the affairs of the partnership. The Whittakers could bind the partnership after dissolution "by an act appropriate for winding up partnership affairs or completing transactions unfinished at dissolution." § 620.73(1)(a), Fla. Stat. (1981). The settling of a partnership dispute with a third party is "an act appropriate for winding up partnership affairs or completing" unfinished transactions. 8 Fla. Jur.2d Business Relationships § 579.[1]
The Bakers also included a count for fraud in their complaint, claiming that the city was aware of their conflict with the Whittakers yet nevertheless settled with them to the Bakers' detriment. However, there is no evidence that the city made any *1132 false statements to the Bakers or acted to exclude them from negotiations. The city never promised the Bakers that it would not negotiate with the Whittakers regarding the dispute. Negotiations originally involved the Bakers, Whittakers and city and at least one meeting was arranged at which representatives of all three were to be present but Mr. Baker walked out when he discovered that Mr. Whittaker would be attending. This hardly shows that the city was acting with the intent to defraud the Bakers of money due to them.
AFFIRMED.
SHARP and COWART, JJ., concur.
NOTES
[1] The Bakers claim that under the partnership agreement, Mr. Baker was to be managing partner and the Whittakers were barred from negotiating as to debts due the partnership, that the city was aware of this lack of authority and hence the partnership was not bound by the Whittakers' actions. See § 620.60(1). However, the partnership agreement places no such restrictions upon the authority of any of the partners.