445 So.2d 1147 (1984)
Elaine SHERBAN, Appellant,
v.
Audrey RICHARDSON, Appellee.
No. 83-622.
District Court of Appeal of Florida, Fourth District.
March 7, 1984.
*1148 William R. Hussey, Fort Lauderdale, for appellant.
Bruce Zeidel of Cohen, Scherer & Cohn, P.A., North Palm Beach, for appellee.
HERSEY, Judge.
This is an appeal from a final judgment based upon a jury verdict assessing damages for fraudulent misrepresentation as to ownership in a transaction involving the sale of corporate stock.
The purchase and sale agreement provided, inter alia:
1. Sherban owns all of the outstanding stock of SAFARI PRODUCTIONS, INC. Safari Productions, Inc. owns all of the outstanding stock of THE PRINCE OF WALES, INC. Prior to the closing of this transaction, Seller's attorney shall show satisfactory proof of this representation to Buyer.
As a matter of fact Sherban had an entitlement to the Safari Productions, Inc. stock under an arrangement which, while titled an option, more closely resembled a security agreement with Sherban holding equitable title (beneficial ownership) of the stock.
The issue is whether misidentification of the nature of Sherban's interest constituted actionable fraud.
As we said in Alexander/Davis Properties, Inc. v. Graham, 397 So.2d 699, 706 (Fla. 4th DCA) pet. for rev. denied, 408 So.2d 1093 (Fla. 1981):
For fraud to be actionable, the following elements must be made to appear:
(1) a misrepresentation of material fact;
(2) [a] a knowledge of the representor of the misrepresentation, or
[b] representations made by the representor without knowledge as to either truth or falsity, or
[c] representations made under circumstances in which the representor ought to have known, if he did not know, of the falsity thereof;
(3) an intention that the representor induce another to act on it; and
(4) resulting injury to the party acting in justifiable reliance on the representation.
Sometime after closing of the sale from Sherban to Richardson the business operated by the Prince of Wales, Inc. failed, resulting in the damages to Richardson, the purchaser, complained of below. The initial difficulty with Richardson's position, as we perceive the record and understand the facts and claims, is that none of the damages claimed by Richardson can be said to have been proximately caused by the nature of the stock's ownership, whether title was defective or not.
In addition, all of the documents defining the precise status of title were reviewed by Richardson's attorney (1) before he drew the purchase and sale agreement which was ultimately executed by the parties and (2) again by Richardson and her attorney at the time of closing. How then can it be said that the purchaser, having a right to rely, did rely, to her damage?
Finding that appellee suffered no damages proximately caused by the representation as to ownership and that in any event there was no reliance to her detriment, we reverse the final judgment. The additional points on appeal either have no merit or have been rendered moot by our resolution of the point on fraud.
*1149 We remand this cause with directions to enter an order granting appellant's motion for judgment in accordance with motion for directed verdict.
REVERSED AND REMANDED WITH INSTRUCTIONS.
DOWNEY, J., concurs.
LETTS, J., dissents without opinion.