**In re Roger FRANCIS, Debtor.**

**John McKINLEY, Plaintiff,**

**v.**

**Roger FRANCIS, Defendant.**

**Bankruptcy No. 86–03065–BKC–TCB.**
**Adv. No. 87–0005–BKC–TCB–A.**

United States Bankruptcy Court,
S.D. Florida.

March 27, 1987.

Michael N. Jonas, Cohen, Scherer, et al., P.A., North Palm Beach, Fla., for plaintiff.

William R.H. Broome, West Palm Beach, Fla., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A. JAY CRISTOL, Bankruptcy Judge.

The plaintiff John McKinley filed his complaint for a determination of dischargeability of a debt owed to him by the defendant Roger Francis, under 11 U.S.Code § 523(a)(2)(A). The case was tried before the court on the amended pleadings. Based upon the evidence presented, the court makes the following findings of fact:

### FINDINGS OF FACT

Plaintiff as seller and defendant as buyer entered into a contract for the purchase of certain residential real estate. The contract provided an initial cash earnest money deposit of $1,000 and an additional earnest money deposit of "cash, stocks, bonds or securities, which shall be replaced by all cash at close". The additional deposit was to be in the amount of $24,500. After execution of the contract, defendant proposed that the additional deposit be made in the form of a $24,500 letter of credit. Plaintiff approved the letter of credit and it was posted by deposit with the plaintiff's real estate broker, Jean Keene.

After the letter of credit was posted as the additional deposit, defendant Roger Francis proposed to the plaintiff, through his broker, Keene, that the letter of credit be released and that U.S. treasury bonds be substituted in place of the letter of credit as earnest money. Roger Francis bought four zero coupon bond coupons from a securities broker for less than $5,000. He forwarded these coupons to Mrs. Keene with full knowledge of the value of the coupons. He carefully stated in the transmittal letter that the coupons which he referred to as bonds had a face value of $28,000 at maturity. Maturity was November 15, 2005. He obviously knew exactly what he was doing. But for this disclosure, he would have been guilty of fraud. Roger Francis knew Mrs. Keene. Mrs. Keene knew Roger Francis to be from a good family and of prior good reputation. She had no idea Roger Francis was out to put one over on her. Mrs. Keene being a totally honest person at once admitted that she knew nothing about bonds or their value. She contacted her co-broker and asked the co-broker to verify the value. The co-broker, Mrs. Healey, called a securities broker and told him by telephone that she had "bonds" with a face value of $28,000. She did not understand the difference between bonds and bond coupons. This tax exempt bond series with interest at 14% were worth a premium on the date in question. That is what the broker quoted. Had the securities broker seen the coupons or been told he was pricing coupons, he at once would have known that today's value was only a fraction of the face value at maturity years hence. The gambit worked. The real estate brokers on behalf of their principal approved the exchange of the coupons worth less than $5,000 for the letter of credit worth $24,500.

Mr. Francis testified that he expected the brokers would have the coupons valued. The court does not believe him. The truth is not in Roger Francis. He expected what actually happened to happen. His testimony that he believed the brokers would price the coupons at less that $5,000 and would then approve the substitution of $5,000 in

collateral for $24,500 in collateral can not be believed.

The seller's broker, Mrs. Keene, did not rely on any representation of Mr. Francis, but attempted to have the value of the coupons verified. She relied upon a co-broker, Stephanie Healey, to verify the value of the coupons. Mrs. Healey made a mistake in verifying their value. Because of that mistake, both Stephanie Healey and Mrs. Keene assumed that the coupons had a value in excess of $32,000. The plaintiff McKinley, relying on the verification of value by the brokers, approved the substitution and agreed to the release of the letter of credit.

After the substitution of the coupons as additional deposit, defendant breached the contract and failed to close. Thereafter, the seller discovered that the coupons were worth substantially less than he had assumed.

Although the contract itself provided for substitution of property as additional deposit which had a fluctuating value, it is clear that Roger Francis engaged in a course of conduct involving sharp dealing and overreaching.

Defendant Roger Francis took advantage of the relative lack of sophistication of the seller and his real estate brokers regarding their knowledge of securities. Defendant Francis further tried to take advantage of the seller and his brokers by creating the impression that the coupons were worth at least as much as the letter of credit. Mr. Francis chose to exchange his good reputation for one successful flim flam. He was clever enough to make sufficient disclosure of the value of the collateral to avoid a finding of fraud in this court. *Sherban v. Richardson*, 445 So.2d 1147, 1148 (Fla.Dist. Ct.App.1984); *Baker v. City of Orlando*, 427 So.2d 1130 (Fla.Dist.Ct.App.1983).

### CONCLUSIONS OF LAW

Defendant Francis was dealing at arms length with McKinley. The rules of the business marketplace apply. Defendant Francis, through his sly disclosure of the value of the treasury coupons avoided a finding of fraud. Though plaintiff has failed to carry his burden of proving fraud, the fabric of the local business community is stained with the slime of Mr. Francis's reputation. The court must find in favor of the defendant Roger Francis and against the plaintiff John McKinley.