Michael **WRIGHT,** Counterplaintiff,

v.

**LEASECOMM CORPORATION**
and Sandra L. Schwartz,
Counterdefendants.

No. 92–1361–CIV–T 17.

United States District Court,
M.D. Florida,
Tampa Division.

March 25, 1993.

Charles A. Eidson, Tampa, FL, for counterplaintiff.

Gary A. Woodfield, Edwards & Angell, Palm Beach, FL, for counterdefendants.

### ORDER GRANTING MOTION TO DISMISS

KOVACHEVICH, District Judge.

This cause is before the Court on Defendants' motions to dismiss the Complaint, to strike the Complaint in its entirety, to impose sanctions; and on Defendants' request for oral argument.

Defendants move pursuant to Rule 12(b), Fed.R.Civ.P., to dismiss the Complaint on the following grounds: 1) lack of subject matter jurisdiction, 2) lack of personal jurisdiction, 3) improper venue, 4) insufficiency of process, and 5) failure to state a claim.

Pursuant to Rules 8(a) and 12(f), Fed. R.Civ.P., Defendants have further requested the Court to strike the Complaint in its entirety.

In addition, Defendants request the Court to impose sanctions against Plaintiff and Charles A. Eidson pursuant to Rule 11, Fed. R.Civ.P.

Finally, Defendants request oral argument on their motion to dismiss pursuant to Local Rule 3.01(d).

According to Local Rule 2.01(a), "[n]o person shall be permitted to appear or be heard as counsel for another in any proceeding in this Court unless first admitted to practice in the Court pursuant to this rule." Subsection (b) further states that "only those persons who are members in good standing of The Florida Bar shall be eligible for general admission to the bar of the Court." In addition, under Local Rule 2.02(a), "[a]ny non-resident attorney who is a member in good standing of the bar of any District Court of the United States, outside the State of Florida, may appear specially and be heard in any case in which he is counsel of record, without formal or general admission."

Furthermore, under Local Rule 2.03, "Every pleading or paper of any kind filed . . . in this Court . . . shall constitute a general appearance in behalf of the persons or parties for whom the pleading or paper is filed." Since Charles A. Eidson is not a member of the Florida Bar or "a member in good standing of the bar of any District Court of the United States", he is not eligible to "appear" in this Court by filing a responsive pleading.

Plaintiff is attempting to file a counterclaim to the original Complaint, filed in the Waltham Division of the District Courts of Massachusetts, by filing a "Countercomplaint" in this Court. In addition, Plaintiff has attached his answer to the original Complaint. This portion of the pleadings is captioned "Commonwealth of Massachusetts".

In his answer, Plaintiff attempted to remove the original claim from the Massachusetts State court to this Court, pursuant to 28 U.S.C. section 1446. In order to remove an action from a State court, section 1446 requires a defendant to "file in the district court of the United States for the district and division *within which such action is pending* a notice of removal . . . containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant." (emphasis supplied). This Court is not the "district and division *within which [the original] action is pending.*" Furthermore, this Court has not received a notice of removal, or a copy of all pleadings served upon Plaintiff. Therefore, the portion of the pleadings captioned "Commonwealth of Massachusetts" are not before the consideration of this Court. The "Countercomplaint" shall be treated as an original Complaint filed in this Court.

Rule 8(a), Fed.R.Civ.P. requires that "a pleading which sets forth a claim for relief, whether an original claim, [or] counterclaim . . . shall contain . . . (2) a short and plain statement of the claim showing that the

pleader is entitled to relief...." Viewing the Complaint in the light most favorable to Plaintiff, *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), the Court cannot find any alleged set of facts which would entitle Plaintiff to relief, *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

The Plaintiff has made the following allegations: 1) Defendant Schwartz is "in violation of the United States Constitution for using the [t]itle of ... [e]squire", 2) Defendant Leasecomm failed "to see that the equipment did what it was supposed to do", 3) Plaintiff was "[deprived] of the right to be free from unreasonable sales presentations, nonworking equipment, non-understandable contracts and [l]oud [m]outh [a]ttorney's [sic]", 4) Plaintiff suffered "[d]amage to [v]alued [c]ivil [r]ights and [c]ivil [l]iberties and an unwarranted intrusion into ... personal privacy.

None of the above allegations state a legally recognized cause of action.

■ Plaintiff additionally alleges that Defendant Leasecomm defrauded Plaintiff by convincing Plaintiff to "[enter] into a written "Commercial Equipment Lease Agreement" ... after a "[g]ypsy" type presentation". Pursuant to Rule 9, Fed.R.Civ.P., a claim for fraud must be stated with particularity.

■ As Defendants point out, a complaint pleading a claim of fraud "must allege the following: 1) False statement of a material fact, 2) Known by the defendant to be false when the statement is made, 3) The statement was made to induce the plaintiff to act in reliance upon the statement, and 4) Resulting damages to the plaintiff". Defendants' Memorandum of Law In Support of Their Motion to Dismiss or to Strike the Complaint, Impose Sanctions and Award Attorneys Fees and Costs at 7, *Wright v. Leasecomm Corp.* (No. 92–1361) citing *Lance v. Wade,* 457 So.2d 1008 (Fla.1984), *Sherban v. Richardson,* 445 So.2d 1147 (Fla. 4th DCA 1984). Plaintiff has not alleged any of the above elements with particularity.

The Court cannot find any alleged facts which support a legal cause of action. Accordingly, it is

**ORDERED** that Defendants' motion to dismiss for failure to state a claim be **GRANTED** with leave to file an amended Complaint within ten days. If Plaintiff does not file an amended Complaint or request for extension of time within ten days, the clerk is directed to dismiss the action without further order.

**ORDERED** that Defendants' motion to strike the Complaint in its entirety be **GRANTED** in part and **DENIED** in part. The clerk is directed to strike the portion of the pleadings captioned "Commonwealth of Massachusetts" and remove it from the file.

**ORDERED** that Defendants' motion to dismiss for lack of personal jurisdiction, lack of subject matter jurisdiction, improper venue, insufficiency of process, and failure to state a claim be **DENIED** as moot.

**ORDERED** that Defendants' request for sanctions be **DENIED,** and that Charles A. Eidson is prohibited from filing any further pleadings in this Court or otherwise risk the imposition of sanctions on himself and Plaintiff.

**ORDERED** that Defendants' request for oral argument on its motion to dismiss be **DENIED** as moot.

**DONE AND ORDERED.**