620 So.2d 784 (1993)
Charles E. BAGGETT, Appellant,
v.
ELECTRICIANS LOCAL 915 CREDIT UNION, Appellee.
No. 92-02397.
District Court of Appeal of Florida, Second District.
April 30, 1993.
William A. Wares, Tampa, for appellant.
Steven G. Burton of Akerman, Senterfitt & Eidson, P.A., Tampa, for appellee.
HALL, Acting Chief Judge.
The appellant, Charles E. Baggett, contends the trial court erred in granting summary final judgment in favor of the appellee, Electricians Local 915 Credit Union, *785 based on the terms of a contract entered into by the parties. Baggett argues the trial court improperly treated the instant case as one for breach of contract, though the second-amended complaint set forth causes of action for negligent misrepresentation and breach of fiduciary duty only. Baggett contends that since there are genuine issues of fact remaining as to his theories of liability, summary judgment here was inappropriate. We agree and reverse.
In February 1989, Baggett placed $40,000 in a certificate of deposit with the credit union. The certificate was titled in the name of "Charles E. Baggett, I.T.F. [In Trust For], Randy E. Baggett." Randy E. Baggett is appellant Baggett's son. Randy Baggett was incarcerated at the time appellant Baggett made the deposit at issue.
Fearing that his ex-wife might attempt to withdraw the funds placed on deposit, Baggett sought the advice of the credit union's assistant manager, Irene Avise, as to how his certificate of deposit should be titled so that only he could access the funds. Ms. Avise allegedly advised Baggett that to protect the funds the title on the certificate should read "Randy E. Baggett or Charles E. Baggett."
In his complaint, Baggett alleged that solely in reliance on Ms. Avise's advice, he converted his initial certificate of deposit to a new one titled as Ms. Avise suggested. Approximately one month thereafter, Baggett's former wife presented to the credit union a power of attorney from Randy E. Baggett and withdrew the sum of $28,035 from Baggett's certificate of deposit account. Baggett thus filed the instant action, alleging that by virtue of the actions of Ms. Avise, the credit union was guilty of negligent misrepresentation and breach of fiduciary duty.
In its motion for summary judgment, the credit union alleged there were no genuine issues of material fact because it had done everything it was legally bound to do under the terms of the certificate of deposit, as well as the terms of a joint share agreement executed in connection with the certificate of deposit. The credit union also asserted that its relationship with Baggett was regulated by section 657.035(1), Florida Statutes (1991), which provides that credit union shares and deposits held in the name of more than one person "may be paid to, or pursuant to the order of" any of the persons named on a given account without the credit union incurring liability therefor.
In opposition to the credit union's motion, Baggett filed the affidavit of Herbert Berkowitz, his attorney in the trial court. Berkowitz stated that in August 1989, he had a conversation with Ms. Avise in which she indicated that she had indeed advised Baggett to convert his original certificate of deposit to a new one titled in the names of Baggett or his son. Berkowitz stated that Ms. Avise told him that she had advised Baggett to place the funds at issue in a "joint name" certificate of deposit because such required two signatures for withdrawal. Berkowitz also stated he had known Baggett for "a number of years" and that it was his opinion that "Charles E. Baggett could not have understood the nature of the joint account cards, certificates of deposit, and other documents and instruments that are the subject of this lawsuit generated by the credit union."
After a hearing on the credit union's motion, the trial court determined that the credit union was entitled to summary judgment as a matter of law. Specifically, the trial court found that the controversy was governed by contract and that the credit union had done everything it was legally bound to do under that contract. The trial court further found that "Plaintiff's assertions, that certain representations made by the credit union's representative ... caused the Plaintiff to suffer damage ... are inadmissible pursuant to the parole evidence rule to vary, contradict, or add to the terms of an unambiguous instrument." For that reason, the trial court held there were no genuine issues of fact.
While final agreements may not be contradicted by parol or extrinsic evidence an exception is made in actions alleging negligent misrepresentation or, otherwise, fraud in the inducement. In such cases, *786 the parol evidence rule does not preclude admission of extrinsic evidence. Lou Bachrodt Chevrolet, Inc. v. Savage, 570 So.2d 306 (Fla. 4th DCA 1990). See also Nobles v. Citizens Mortgage Corp., 479 So.2d 822 (Fla. 2d DCA 1985); Florida Pottery Stores of Panama City v. American National Bank, 578 So.2d 801 (Fla. 1st DCA 1991); Tinker v. De Maria Porche Audi, Inc., 459 So.2d 487 (Fla. 3d DCA 1984).
To prove negligent misrepresentation, it must be shown that (1) there was a misrepresentation of material fact; (2) the representer either knew of the misrepresentation, made the misrepresentation without knowledge of its truth or falsity, or should have known the representation was false; (3) the representer intended to induce another to act on the misrepresentation; and (4) injury resulted to a party acting in justifiable reliance upon the misrepresentation. Atlantic National Bank of Florida v. Vest, 480 So.2d 1328, 1331 (Fla. 2d DCA 1985).
To demonstrate a breach of a fiduciary duty, it must be shown that influence by one party was acquired and abused to the detriment of another party. Id. at 1332. Where a breach of a fiduciary duty between a bank and its customer has been found, it is generally possible to identify a benefit flowing to the bank as a result. Id. at 1333.
The record shows the trial court entered a summary final judgment against Baggett based strictly on the terms of the joint share agreement, the certificate of deposit, and section 657.035. While such a determination would have been appropriate relative to an action for breach of contract, the trial court failed to make any findings as to the specific causes of action asserted by Baggett in his second-amended complaint. Since there appear to be genuine issues as to whether there was a negligent misrepresentation and whether Baggett failed to understand the situation and justifiably relied upon that misrepresentation  and also whether there was a breach of a fiduciary duty  summary judgment here was entirely inappropriate.
Accordingly, the summary final judgment entered herein is reversed and the cause remanded for further proceedings consistent with this opinion.
THREADGILL and PARKER, JJ., concur.