656 So.2d 931 (1995)
FLORIDA WOMEN'S MEDICAL CLINIC, INC., d/b/a Women's Clinic, Appellant,
v.
Fred SULTAN, Appellee.
No. 93-3644.
District Court of Appeal of Florida, Fourth District.
May 3, 1995.
Rehearing, Rehearing, Certification, and Clarification Denied July 11, 1995.
*932 F. Brian Chase of Weaver, Weaver & Lipton, P.A., Fort Lauderdale, for appellant.
Jerome R. Schechter of Jerome R. Schechter, P.A., Fort Lauderdale, for appellee.
Rehearing, Rehearing En Banc, Certification, and Clarification Denied July 11, 1995.
GUNTHER, Judge.
Appellant, Florida Women's Medical Clinic, Inc. d/b/a Women's Clinic, plaintiff below (Women's Clinic), appeals a trial court order granting a motion to dismiss with prejudice its amended verified complaint. We affirm on all issues except one. We reverse because Women's Clinic stated a valid cause of action for negligent misrepresentation against the appellee, Fred Sultan.
Women's Clinic operates a women's health care clinic which provides gynecological services particularly for low income women. Included in these gynecological services are legal abortions. Sultan, together with his wife, Henrietta Sultan, owned, as tenancy by the entireties, a shopping center in Broward County known as the Gold Coast Plaza.
The parties entered into negotiations for the lease of two store fronts in the Gold Coast Plaza. Prior to the signing of a lease, Sultan was advised by Women's Clinic of the clinic's intended use, including legal abortions. Furthermore, Sultan had independent knowledge of anti-abortion attacks on similar health care clinics as well as on Women's Clinic at its previous location.
Thereafter, on July 7, 1993, the parties entered into a written lease purporting to lease bay # 25 and # 26 at Gold Coast Plaza for a period of five years commencing September 1, 1993. The lease did not contain Henrietta's name and was attested to by only one witness. Pursuant to a provision contained in the lease, Women's Clinic paid Sultan $20,000 in "build out monies" for the preparation and remodeling of the leased stores.
However, when Women's Clinic attempted to move into the Gold Coast Plaza, Sultan presented Women's Clinic with a letter declaring the lease null and void. The letter lists five reasons for the invalidation of the lease including, improper attestation. Sultan testified the reason for the letter was that his family had been threatened and he considered his family more important than the Women's Clinic.
In response to Sultan's letter, Women's Clinic filed a three count verified complaint which was subsequently amended to contain a fourth count. The counts include specific performance of the lease, negligent misrepresentation, damages for Sultan's refusal to honor the lease and a claim for mandatory injunction. Thereafter, Sultan filed a motion to dismiss claiming that all counts should be dismissed because:

*933 the Plaintiff seeks relief of an executory lease which is not signed by one of the owners of the premises and is not witnessed by two witnesses and is thus unenforceable pursuant to Florida Statute § 689.01 [1993].
The trial court, after a hearing which was not transcribed, granted Sultan's motion to dismiss reasoning that the lease upon which the complaint was based was not witnessed, and therefore, failed to comply with the provisions of section 689.01, Florida Statutes (1993).
Although we agree with the reasoning set forth by the trial court in dismissing three counts contained in the verified complaint, we still must reverse as to the negligent misrepresentation count. The negligent misrepresentation count does not actually rely upon the enforceability of the lease agreement. In order to allege a viable cause of action for negligent misrepresentation, four elements must be present. A plaintiff must allege:
that (1) there was a misrepresentation of material fact; (2) the representer either knew of the misrepresentation, made the misrepresentation without knowledge of its truth or falsity, or should have known the representation was false; (3) the representer intended to induce another to act on the misrepresentation; and (4) injury resulted to a party acting in justifiable reliance upon the misrepresentation.
Baggett v. Electricians Local 915, 620 So.2d 784, 786 (Fla. 2d DCA 1993).
In the instant case, Women's Clinic alleged that Sultan affirmatively represented that an abortion clinic was permissible and that he would not be intimidated by "anti-abortion" terrorists; that Sultan knew or should have known that he would buckle under the pressure of the anti-abortion terrorists and violate his promise; that Sultan was aware Women's Clinic would rely on the representation and that Women's Clinic did in fact rely on the representation; and that Women's Clinic suffered damages as a result. Thus, apart from the enforceability of the lease agreement, Women's Clinic stated a valid cause of action for negligent misrepresentation. Therefore, the trial court erred in granting Sultan's motion to dismiss as it pertains to the negligent misrepresentation count.
Accordingly, this case is reversed and remanded for further proceedings consistent herewith.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
KLEIN and SHAHOOD, JJ., concur.