684 So.2d 830 (1996)
Frank M. JOHNS, Appellant,
v.
Michael Lee PONTO and Paula C. Ponto, his wife; and Tam-Bay Realty, Inc., a Florida corporation, Appellees.
Nos. 95-00968, 95-03058.
District Court of Appeal of Florida, Second District.
November 6, 1996.
Rehearing Denied December 9, 1996.
Murray B. Silverstein of Powell, Carney, Hayes & Silverstein, P.A., St. Petersburg, for Appellant.
Neal A. Sivyer of Smith Williams & Bowles P.A., Tampa, for Appellees Ponto.
Howard L. Killian, Tampa, for Appellee Tam-Bay Realty.
DANAHY, Acting Chief Judge.
In June of 1992, the appellant and the appellees Ponto (the Pontos) entered into a contract for the sale by the Pontos to the appellant of a single-family residence in Tampa. The sale closed on June 30, 1992. Approximately two years later, the appellant brought this action against the Pontos and their broker, the appellee Tam-Bay Realty (Tam-Bay).
The complaint (as amended) alleged that the Pontos represented the property they sold to the appellant, including the structure and subsurface, to be sound, secure and free of defects and deficiencies. The complaint alleged that subsequent to the closing, the appellant discovered that the Pontos' representations were false and made for the purpose of inducing reliance on them by the appellant. The complaint further alleged that the appellant discovered the progression of cracking at the junctures of the ceiling/wall, wall/floor, and door/frame within the interior of the residence and substantial cracking on several areas of the outer walls of the residence. The appellant alleged that *831 these defects or deficiencies impaired the overall structural integrity of the residence.
The amended complaint contained four counts. Tam-Bay is named in only one of these counts. Count I is entitled "Fraud in the Inducement" and demands judgment against the Pontos for compensatory damages. Count II asserts a breach of contract by the Pontos and demands compensatory damages. Count II was voluntarily dismissed by the appellant and is not involved in this appeal.
Count III entitled "Rescission" asserts that as a result of the fraudulent misrepresentations by the Pontos, the appellant should be relieved of the obligations imposed under the sales contract and restored to the position he occupied prior to contracting. Count IV asserts "fraudulent concealment" against Tam-Bay and demands judgment for compensatory damages.
The trial court granted the Pontos' motion to dismiss Counts I, III and IV with prejudice in an order which gives no reasons for the trial court's ruling. However, the record indicates that the trial court reached its decision by application of the economic loss rule. See Casa Clara Condominium Ass'n v. Charley Toppino & Sons, 620 So.2d 1244 (Fla.1993). For the reasons set forth below, we reverse and remand for further proceedings.
Our supreme court has recently issued two opinions which control here. In the first of these, HTP, Ltd. v. Lineas Aereas Costarricenses, S.A., 685 So.2d 1238 (Fla.1996), the court held that where a contract exists, a tort action will lie for either intentional or negligent acts considered to be independent from acts that breach the contract. More specifically, the court stated that fraudulent inducement is an independent tort in that it requires proof of facts separate and distinct from the breach of contract; thus actions of fraudulent inducement into a contract and breach of that contract are not mutually exclusive.
In the second opinion, the supreme court held that a buyer of residential property is not prevented by the economic loss rule from recovering damages for fraud in the inducement against the real estate agent and its individual agents representing the sellers. Woodson v. Martin, 685 So.2d 1240 (Fla. 1996).
The trial court awarded the Pontos $4,202 in attorney's fees as the prevailing parties on Counts I, II and III. The Pontos argue that because the appellant voluntarily dismissed his contract claim, this award should be affirmed even if this court reversed on the tort claims. In view of our disposition of this case, we believe the award should be reversed so that the trial court may reconsider the matter.
Reversed and remanded for further proceedings.
ALTENBERND and LAZZARA, JJ., concur.