CAMPBELL, Judge.
Appellant, Eleanor D. Cowley, challenges the trial court order that granted appellee, Larry J. Nero’s, motion for rehearing, vacated the final judgment entered in favor of appellant and entered a new final judgment for appellee. We reverse.
Appellant was the purchaser of certain real property from the appellee seller. Appellant, in the action that was tried before the trial court without a jury, sought damages from appellee for fraudulent and/or negligent misrepresentations in regard to the real property that was the subject of the sale. At the conclusion of the bench trial, final judgment was entered on July 13,1995, for appellant on her fraudulent and/or negligent misrepresentation claims adjudging simply that appellant “recover from defendant, Larry J. Nero, the sum of $28,224.00 which shall bear interest at the rate provided by law for which let execution issue.”
Thereafter on March 6, 1996, appellee’s motion for rehearing was granted, the July 13, 1995 judgment was vacated and judgment was entered in favor of appellee, defendant below, Larry J. Nero. The trial judge’s action on appellee’s motion for rehearing was “based solely on the economic loss rule relying upon Casa Clara Condominium Ass’n v. Charley Toppino & Sons, Inc., 620 So.2d 1244 (Fla.1993); Raymond James & Associates, Inc. v. PK Ventures, Inc., [666 So.2d 174], 20 Fla. L. Weekly D2699 (Fla. 2d DCA Dec. 6, 1995); and Woodson v. Martin, [663 So.2d 1327], 20 Fla. L. Weekly D2556 (Fla. 2d DCA Nov. 17, 1995).”
On October 17, 1996, our supreme court issued its opinion in HTP, Ltd. v. Lineas Aereas Costarricenses, S.A., 685 So.2d 1238 (Fla.1996), reh. denied, (Fla.1997), which *121 quashed this court’s decision in Woodson v. Martin, 663 So.2d 1327 (Fla. 2d DCA 1995) (en banc). The supreme court in HTP, Ltd. stated: “Where a contract exists, a tort action will lie for either intentional or negligent acts considered to be independent from the acts that breached the contract.” 685 So.2d at 1239. Soon thereafter, this court decided Johns v. Ponto, 684 So.2d 830, 831 (Fla. 2d DCA 1996), where we stated:
Our supreme court has recently issued two opinions which control here. In the first of these, HTP, Ltd. v. Lineas Aereas Costarricenses, S.A., No. 86,913, [685] So.2d [1238] (Fla. Oct. 17, 1996), the court held that where a contract exists, a tort action will lie for either intentional or negligent acts considered to be independent from acts that breach the contract. More specifically, the court stated that fraudulent inducement is an independent tort in that it requires proof of facts separate and distinct from the breach of contract; thus actions of fraudulent inducement into a contract and breach of that contract are not mutually exclusive.
The First District then followed with Wassall v. Payne, 682 So.2d 678, 681 (Fla. 1st DCA 1996), concluding: “Thus where, as here, fraudulent misrepresentation and negligent misrepresentation in the formation of a contract are alleged, the economic loss rule does not bar the tort action based on such misrepresentations.”
Accordingly, on the basis of HTP, Ltd., Ponto and Wassail, we reverse the judgment entered for appellee on rehearing and remand with instructions that the judgment of July 13, 1995, entered in favor of appellant, be reinstated.
DANAHY, A.C.J., and SCHOONOVER, J., concur.