**MOBIL OIL CORPORATION, Plaintiff,**

v.

**DADE COUNTY ESOIL MANAGEMENT CO., INC., a Florida corporation; ESOIL 1–27–45–011 Corporation, a Florida corporation; Bamco IV., Inc., a Florida corporation; Anthony J. Estevez, an individual; and Bernie A. Mangnitz, an individual, Defendants.**

No. 97–0740–CIV.

United States District Court, S.D. Florida.

Oct. 29, 1997.

**5.** This Court determined that the documents in category three were not responsive to Inter

Ocean's FOIA request.

Kevin C. Kaplan, Aragon, Burlington, Weil & Crockett, P.A., Miami, Florida, Daniel M. Hughes, Fort Lauderdale, Florida, for defendants.

## ORDER DENYING MOTIONS TO DISMISS

HIGHSMITH, District Judge.

THIS CAUSE comes before the Court upon Defendants Bamco IV, Inc. ("Bamco") and Bernie Mangnitz's ("Mangnitz") (collectively, "the Bamco Defendants") Motion to Dismiss and/or for a More Definite Statement, filed April 25, 1997; Dade County Esoil Management Co., Inc. ("Dade Esoil"), Esoil 1–27–45–011 Corporation ("Esoil"), and Anthony J. Estevez's ("Estevez") (collectively, "the Esoil Defendants") Motion to Dismiss, filed May 27, 1997; and Esoil Defendants' Request for Oral Argument on Motion to Dismiss, filed June 27, 1997. For the reasons set forth below, said motions are denied.

## FACTUAL AND PROCEDURAL BACKGROUND

In its Complaint, Mobil Oil Corporation ("Mobil") alleges that the defendants made misrepresentations to Mobil to induce it to (1) approve the Esoil Defendants' acquisition of two Mobil franchises (one in North Miami and one in Florida City); (2) enter into contracts with the Esoil Defendants; and (3) forego payment of sums due and owing to Mobil. Mobil further alleges that the defendants have breached their contracts, wrongfully refused to repay Mobil and committed fraud.

### 1. The North Miami Premises

Mobil alleges that on or about September 4, 1992, it entered into a franchise agreement and other related agreements with Bamco for a service station located in North Miami ("the North Miami premises"). Mobil further alleges that pursuant to a reimbursement agreement, it advanced $265,000.00 to Bamco which amount was to be amortized at a rate of 1.767 cents per gallon of motor fuel purchased by Banco from Mobil. The agreements allegedly provided that upon termination or assignment of Bamco's franchise

Edward C. Duckers, Stephen G. Vaskov, Justine Young Gottshall, Hogan & Hartson LLP, Washington, DC, Christopher S. Carver, Zuckerman, Spaeder, Taylor & Evans LLP, Miami, Florida, for plaintiff.

agreement, any unamortized balance would be immediately due and payable to Mobil.

In addition, Mobil claims that the franchise agreement contains a clause precluding assignment of the agreement without Mobil's prior written approval, and granting Mobil a right of first refusal to any offer to purchase the North Miami premises. Mobil further alleges that in a February 12, 1996, letter the Bamco Defendants informed Mobil that they had contracted to sell the North Miami premises to the Esoil Defendants for $1,650,-000.00—a representation that Mobil alleges was false when made. Mobil asserts that the actual price that the Esoil Defendants paid to Bamco for the premises was $751,333.27. As noted above, Mobil claims that the defendants misrepresented the purchase price in order to induce Mobil to approve the sale of the premises and to forego monies it claims were due and owing.

### 2. The Florida City Premises

Mobil alleges that on or about February 25, 1994, it entered into a franchise agreement and other related agreements with Sunshine Energy & Innovation Inc. ("Sunshine"), who is not a party to this action, for a service station located in Florida City ("the Florida City Premises"). Mobil further alleges that, similar to the situation with the North Miami premises, pursuant to a reimbursement agreement, it advanced $194,808 to Sunshine, which amount was to be amortized at a rate of 1.412 cents per gallon of motor fuel purchased by Sunshine from Mobil. Mobil also claims that the agreements provide that upon termination or assignment of Sunshine's franchise agreement, any unamortized balance would be immediately due and payable to Mobil.

Mobil further asserts that the franchise agreement contains a clause precluding assignment of the agreement without Mobil's prior written approval, and granting Mobil a right of first refusal to any offer to purchase the Florida City premises. In March, 1996, Mobil apparently received notices from Sunshine that it had contracted to sell the Florida City premises to the Esoil Defendants for $837,500. Thereafter, Mobil allegedly advised Sunshine that it would not exercise its right of first refusal for the purchase of the Florida City premises Mobil also claims that it notified Sunshine that as of March 26, 1996, it was liable to Mobil in the amounts of $169,910.77 under the reimbursement agreement, and $165,200.00 for liquidated damages under the franchise agreement. Mobil alleges that it further notified Sunshine that such debts could be satisfied by either (1) full payment to Mobil, or (2) an agreement by Dade Esoil to enter into a franchise agreement with Mobil and assume responsibility for satisfaction of those debts.

Mobil claims that in the two months thereafter, the Esoil Defendants represented that they would enter into franchise and reimbursement agreements with Mobil. Mobil contends that such representations were false when made and were made for the express purpose of inducing Mobil to approve Sunshine's sale of the Florida City premises to Dade Esoil and release sunshine from its debts. On or about May 14, 1996, Dade Emil apparently executed both franchise and reimbursement agreements. Mobil further alleges that Dade Esoil has never complied with said agreements, and has never operated as a Mobil franchise.

## DISCUSSION

### A. Standard of Review for Motions to Dismiss

■ To state a claim, *Fed.R.Civ.P.* 8(a) requires, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." The court must "take the material allegations of the complaint and its incorporated exhibits as true, and liberally construe the complaint in favor of the Plaintiff." *Burch v. Apalachee Community Mental Health Services, Inc.*, 840 F.2d 797, 798 (11th Cir.1988) (citation omitted), *aff'd*, 494 U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990). The law in this Circuit is well-settled that "the 'accepted rule' for appraising the sufficiency of a complaint is 'that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.1988) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–

02, 2 L.Ed.2d 80 (1957)), *cert. denied,* 486 U.S. 1055, 108 S.Ct. 2822, 100 L.Ed.2d 923 (1988). The moving party bears a heavy burden. *St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.,* 795 F.2d 948, 953 (11th Cir. 1986).

### B. The Bamco Defendants's Motion to Dismiss

The Bamco Defendants move to dismiss two counts in Mobil's Complaint—Counts IX (fraudulent misrepresentation) [1] and X (negligent misrepresentation). In their motion the Bamco Defendants contend that in its complaint, Mobil (1) fails to allege fraud with particularity as required by *Fed.R. Civ.P.* 9(b); (2) sets forth the elements necessary to state a claim for relief in fraud only in "the broadest of conclusory terms"; and (3) "lump[s] the various named Defendants together in the allegations of fraud" so that it is "impossible for the Defendants to ascertain" the precise misconduct that is the basis of Mobil's claims against them. *See* Bamco Defendants's Memorandum of Law in Support of Defendants' Motion to Dismiss, ¶ 3.

#### 1. Mobil's Allegations Comply with the Federal Rules of Civil Procedure

■ It is well settled that Rule 9(b) of the Federal Rules of Civil Procedure, which requires that allegations of fraud be stated with particularity, must be harmonized with Rule 8(a), which requires only a short and plain statement of the claim. The Eleventh Circuit has held that "Rule 9(b) must not be read to abrogate Rule 8." *Friedlander v. Nims,* 755 F.2d 810, 813 (11th Cir.1985) (*citing Zuckerman v. Franz,* 573 F.Supp. 351, 356 (S.D.Fla.1983); *Xaphes v. Shearson, Hayden, Stone, Inc.,* 508 F.Supp. 882, 887 (S.D.Fla.1981)); *see also Leisure Founders, Inc. v. CUC International Inc.,* 833 F.Supp. 1562, 1574 (S.D.Fla.1993). A complaint alleging fraud, therefore, "need only provide a reasonable delineation of the underlying acts and transactions allegedly constituting the fraud." *Fla. Dept. Insurance v. Debenture Guaranty,* 921 F.Supp. 750, 753 (M.D.Fla. 1996) (*citing In re Checkers Sec. Lit.,* 858

F.Supp. 1168, 1175 (M.D.Fla.1994)). In short, the requirements of Rule 9(b) are satisfied if the complaint gives "defendants fair notice of the nature of plaintiff's claim and the grounds upon which it is based." *Zuckerman,* 573 F.Supp. at 355 (*citing Credit & Finance Corp., Ltd. v. Warner & Swasey Co.,* 638 F.2d 563, 567 (2nd Cir.1981)).

Upon a review of the Complaint, the Court notes that Mobil's specific allegations of fraud plainly satisfy the pleading requirement of the Rules of Civil Procedure. *See* Complaint, ¶¶ 86–93 and 97–104. The specific allegations from paragraphs 86–93 and 97–104 of the Complaint provide both a "reasonable delineation" of the allegedly fraudulent acts by the Bamco Defendants, and give them "fair notice of the nature" of Mobil's claims and the grounds upon which those claims are based. Hence, Counts IX and X satisfy the requirements of Rules 8 and 9(b) of the Rules of Civil Procedure. Accordingly, as to this issue, the Bamco Defendants' motion to dismiss is denied.

#### 2. Mobil Alleges All of the Elements of Claims for Fraud and Misrepresentation

■ In order to plead a cause of action for fraud, a plaintiff must allege (1) false statement of a material fact, (2) that the defendants knew to be false when made, (3) that the statement was made to induce the plaintiff to act in reliance upon it, and (4) that the plaintiff suffered damages. *See Wright v. Leasecom Corp.,* 817 F.Supp. 106, 108 (M.D.Fla.1993). Similarly, in order to state a claim for negligent misrepresentation, a plaintiff must allege (1) there is a misrepresentation of material fact; (2) the party making the misrepresentation either knew of the misrepresentation, made the misrepresentation without knowledge of its truth or falsity, or should have known the representation was false; (3) the representation was made with the intent to induce another to act on the misrepresentation; and (4) the plaintiff suffered a resulting injury while acting in justifiable reliance upon the misrepresentation. *Florida Women's Medical Clinic, Inc. v. Sul-*

---

**1.** The Bamco Defendants mistakenly cite the fraudulent misrepresentation count as Count V in their motion to dismiss.

*tan,* 656 So.2d 931, 933 (Fla. 4th DCA 1995) (*citing Baggett v. Electricians Local 915,* 620 So.2d 784, 786 (Fla. 2d DCA 1993)).

■ Upon a review of the Complaint, this Court finds that Mobil's allegations of each of the elements of fraud and misrepresentation are neither "broad" nor "conclusory". They are clear and specific. As discussed above, Mobil alleges that in a February 12, 1996, letter the Bamco Defendants informed Mobil that they had contracted to sell the North Miami premises for $1,650,000.00—a representation that Mobil alleges was false when made. Complaint, ¶¶ 87–87, 97–98. Mobil further alleges that the actual price Esoil paid to Bamco for the premises was $751,-333.27. Complaint, ¶¶ 88, 99. In addition, Mobil claims that the Banco Defendants not only knew or should have known the representations to Mobil regarding the purchase price were false, but also that they were made with the intent of inducing Mobil to approve Esoil's acquisition of the North Miami premises and to release Bamco from its liabilities to Mobil. Complaint, ¶¶ 90–91, 101–102. Mobil also alleges that in approving the acquisition and releasing Bamco, Mobil justifiably relied on the defendants' representations, and that as a result Mobil has suffered damages, including damages to the goodwill of its trademark and brand name. Complaint, ¶¶ 92–93, 103–104. Thus, Counts IX and X of Mobil's Complaint set forth "specific acts and omissions which, if true, might well be found after a trial to constitute fraudulent conduct on the part of the defendants." *Leisure Founders, Inc. v. CUC International, Inc.,* 833 F.Supp. 1562, 1574 (*citing Felton v. Walston & Co.,* 508 F.2d 577, 582 (2d Cir.1974)). Accordingly, as to this issue, the Bamco Defendants' motion is denied.

### 3. Counts IX and X Alert the Bamco Defendants to the Claims Against Them

■ The Bamco Defendants' final contention—that Mobil improperly "lumped the various named Defendants together in the allegations of fraud"—also fails to warrant dismissal of Counts IX and X. The allegations of Counts IX and X specifically alert

both Bamco and Mangnitz of the claims of fraud and misrepresentation against them. Moreover, the Bamco Defendants' assertion that they do not know whether the alleged fraudulent statements were made by Mangnitz individually or in his corporate capacity is unavailing. Mobil has, as required by the Federal Rules of Civil Procedure, put both Bamco and Mangnitz on sufficient notice of the particular allegations of fraud and misrepresentation against them. While the capacity in which Mangnitz was acting at the time of the alleged misrepresentations may be a factual issue that will need to be resolved, Mobil's allegations concerning the purported misrepresentations are clear. Hence, there is nothing that prevents either Bamco or Mangnitz from answering the allegations of fraud and misrepresentation against them. Accordingly, as to this issue, the Bamco Defendants' motion to dismiss is denied.

### C. Esoil Defendants' Motion to Dismiss

The Esoil defendants move to dismiss certain portions of Mobil's Complaint for failure to state a claim upon which relief can be granted. The Court addresses each argument in turn.

#### 1. Mobil States a Claim for Breach of Contract

■ The Esoil Defendants seek to dismiss Count I to the extent that it seeks damages for breach of the reimbursement agreement. In Florida, a cause of action for breach of contract must include allegations of an existing contract, breach of the contract, and resulting damages. *See Boim v. Nat'l Data Products, Inc.,* 932 F.Supp. 1402, 1405 (M.D.Fla.1996) (*citing Knowles v. C.I.T. Corp.,* 346 So.2d 1042 (Fla. 1st DCA 1977)). With regard to the reimbursement agreement, Mobil alleges facts in support of each such element. Complaint, ¶¶ 47–50. Accordingly, as to Count I the Esoil Defendants motion to dismiss is denied.

#### 2. Mobil States Claims for Money Lent, Open Account, and Account Stated

■ The Esoil Defendants move to dismiss Counts II, V (money lent), XIII, XV

(open account), XIV, and XVI (account stated) primarily based upon Florida's statute of frauds. However, the statute of frauds simply does not apply to these counts because the Complaint does not allege that any defendant made a gratuitous promise to take over the obligation of a third party. Rather, in the Complaint, Mobil alleges that the Esoil Defendants incurred primary, independent obligations to Mobil as a result of their receiving funds in the form of credits against the purchase price of the two service stations. Therefore, the statute of frauds does not apply to Mobil's claims.

■ The Esoil Defendants also argue that these causes of action are duplicative. However, the Court notes that Mobil is entitled to plead all all alternative theories available under Florida law. *See ThunderWave, Inc. v. Carnival Corp.*, 954 F.Supp. 1562, 1566 (S.D.Fla.1997). Therefore, the Esoil Defendants' motion to dismiss is denied as to Counts II, V, XIII, XIV, XV, and XVI.

### 3. Mobil States Claims for Promissory Estoppel and Unjust Enrichment

■ The Esoil Defendants contend that Counts III (unjust enrichment) and VI (promissory estoppel) are barred because an adequate remedy exists at law. There is no dispute that under Florida law, the general rule is that if the complaint on its face shows that adequate legal remedies exist, equitable remedies are not available. *See e.g. H.L. McNorton v. Pan American Bank of Orlando*, 387 So.2d 393, 399 (Fla. 5th DCA 1980). However, this doctrine does not apply to claims for unjust enrichment. *Id.* at 1565–66. It is only upon a showing that an express contract exists that the unjust enrich-

ment or promissory estoppel count fails. *See Id.* Until an express contract is proven, a motion to dismiss a claim for promissory estoppel or unjust enrichment on these grounds is premature.

■ The Esoil Defendants further contend that Counts III and VI are barred by Florida's economic loss rule. In general, Florida's economic loss doctrine provides that, absent injury to person or property, purely economic damages cannot be recovered in a tort action. *See e.g. Casa Clara Condominium Association v. Charley Toppino & Sons, Inc.*, 620 So.2d 1244, 1246 (Fla. 1993). However, this doctrine has been held not to apply to claims for unjust enrichment, because such a claim is based in quasi-contract, not tort. *ThunderWave*, 954 F.Supp. at 1566.[2] Moreover, the economic loss rule does not apply to this cause, because Mobil has alleged damage to the goodwill of its trademark and brand name. *See AFM Corp. v. Southern Bell Tel. & Tel. Co.*, 515 So.2d 180 (Fla.1987). The economic loss rule does not bar an action for an independent tort flowing from the contractual breach. *Id.* Therefore, as to the economic loss rule, the motion to dismiss Counts III and VI is denied.

■ Finally, the Court further notes that Mobil adequately pleads facts in support of each element of both promissory estoppel[3] and unjust enrichment.[4] *See* Complaint, ¶¶ 56–60, 70–74, 111–120. Accordingly, the Esoil Defendants' motion to dismiss is denied as to Counts III and VI.

### 4. Mobil States Claims for Fraudulent and Negligent Misrepresentation

■ The Esoil Defendants contend that Counts VII (fraudulent misrepresenta-

---

2. The Court notes that this analysis applies equally well to promissory estoppel, which also sounds in quasi-contract.

3. In order to state a cause of action for promissory estoppel, a plaintiff must allege: (1) that defendants made a promise that they should have reasonably expected to induce action or forbearance on the part of the plaintiff, (2) that the promise did induce such action or forbearance; and (3) that injustice can only be avoided by enforcement of the promise. *See W.R. Grace & Co. v. Geodata Services, Inc.*, 547 So.2d 919, 924 (Fla.1989).

4. In order to state a cause of action for unjust enrichment, a plaintiff must allege: (1) a benefit conferred on defendants and their knowledge of such benefit; (2) that defendants voluntarily accepted and retained such benefit; and (3) the circumstances are such that it would be inequitable for defendants to retain the benefit without paying the value thereof to the plaintiff. *See Hillman Const. Corp. v. Wainer*, 636 So.2d 576, 577 (Fla. 4th DCA 1994) (citation omitted).

tion) and VIII (negligent misrepresentation) are barred by the economic loss doctrine. However, as with the claims for unjust enrichment and promissory estoppel, the economic loss doctrine is inapplicable to Mobil's claims for fraudulent and negligent misrepresentation. The factual allegations in support of these claims set forth a claim for fraudulent inducement. Fraudulent inducement is a cause of action, independent from breach of contract, to which the economic loss rule does not apply. *HTP, Ltd. v. Lineas Aereas Costarricenses, S.A.,* 685 So.2d 1238 (Fla. 1996); *Cowley v. Nero,* 693 So.2d 120, 1997 WL 232255 (Fla. 2d DCA May 9, 1997)(*citing HTP, Ltd., supra; Johns v. Ponto,* 684 So.2d 830, 831 (Fla. 2d DCA 1996); *Wassall v. Payne,* 682 So.2d 678, 681 (Fla. 1st DCA 1996)). As noted in the Factual Background section, Mobil alleges that the "false representations were made with the intent and for the purpose of inducing Mobil to approve Dade Esoil and Esoil's acquisition of the Florida City and North Miami marketing premises and to release Sunshine and Bamco from their liabilities to Mobil thereby reducing the price paid by Dade Esoil and Esoil to acquire the marketing premises." Complaint, ¶¶ 79, 87. This is not a case where the alleged misrepresentations are inseparably embodied in the parties' agreements and merely labeled "fraudulent inducement." Rather, Mobil alleges an entirely independent cause of action for fraudulent misrepresentation "where the ability of one party to negotiate fair terms is [allegedly] undermined by the other's [allegedly] fraudulent behavior," and is therefore not barred by the economic loss doctrine. *Hotels of Key Largo, Inc. v. RHI Hotels, Inc.,* 694 So.2d 74, 77 (Fla. 3d DCA 1997). Similarly, Count VIII, involving negligent misrepresentation, also centers upon alleged inducement to enter into a contractual relationship rather than performance of the contracts and, thus, is not barred by the economic loss doctrine. *HTP Ltd.,* 685 So.2d at 1239. Hence, Mobil has adequately pled causes of action for fraud and negligent misrepresentation. Accordingly, as to this issue, the Esoil Defendants' motion to dismiss is denied.

## CONCLUSION

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Defendants' Bamco IV, Inc. and Bernie Mangnitz's Motion to Dismiss and/or for a More Definite Statement, filed April 25, 1997, is DENIED. It is further

ORDERED AND ADJUDGED that the Esoil Defendants' Motion to Dismiss, filed May 27, 1997, is DENIED. It is further

ORDERED AND ADJUDGED that the Esoil Defendants' Request for Oral Argument on Motion to Dismiss, filed June 27, 1997, is DENIED AS MOOT.