WELLS, Judge.
While we acknowledge that the amended complaint and the documents attached to it *262 demonstrate that the automobile at issue was not leased to Teresa M. Ruiz and that she has not, therefore, stated claims sounding in fraudulent inducement, negligent misrepresentation or violation of FDUPTA, we agree that this case should be remanded to permit the lessee of the vehicle, Ruiz’s mother, to be joined so that appropriate claim or claims may be stated. See Biscayne Inv. Group, Ltd. v. Guarantee Mgmt. Servs., Inc., 903 So.2d 251, 255 (Fla. 3d DCA 2005)(“In order to state a cause of action for fraud in the inducement, a plaintiff must allege that 1) the representor made a misrepresentation of a material fact, 2) the representor knew or should have known of the falsity of the statement, 3) the representor intended that the representation would induce another to rely and act on it, and 4) the plaintiff suffered injury in justifiable reliance on the representation”); Baggett v. Electricians Local 915 Credit Union, 620 So.2d 784, 786 (Fla. 2d DCA 1993)(“To prove negligent misrepresentation, it must be shown that (1) there was a misrepresentation of material fact; (2) the repre-senter either knew of the misrepresentation, made the misrepresentation without knowledge of its truth or falsity, or should have known the representation was false; (3) the representer intended to induce another to act on the misrepresentation; and (4) injury resulted to a party acting in justifiable reliance upon the misrepresentation.”) (emphasis added); § 501.211(2), Fla. Stat. (2005) (permitting recovery by “a person who has suffered a loss as a result of a violation of this part”).
Reversed and remanded with instructions.