# Third District Court of Appeal

## State of Florida

Opinion filed March 19, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0264
Lower Tribunal No. 18-3917
_____

## Septentriona Domus, LLC, et al.,
Appellants,

vs.

## Keystone Morgan Real Estate and Property Management LLC, et al.,
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Reemberto Diaz, Judge.

Milson Law, PA, and Nicole A. Milson, for appellants.

John L. Penson, P.A., and John L. Penson, for appellees.

Before FERNANDEZ, SCALES and MILLER, JJ.

SCALES, J.

Appellants,[1] plaintiffs below, appeal a January 17, 2024 final summary judgment entered in favor of appellees, defendants below, Joan Bennett and Keystone Property Management, Inc. ("Keystone") (together, "Appellees").[2] Because Appellants' summary judgment showing did not demonstrate any genuine issue of fact that could form the basis of a verdict in their favor, we affirm.

## I.    Relevant Background

Appellants allege that they suffered investment losses after Appellees fraudulently induced them to purchase, at inflated prices, ten investment properties in Detroit and Atlanta. Appellants also allege that Appellees mis-managed the properties.

Appellants' operative complaint – asserting claims of fraudulent inducement, breach of fiduciary duty, civil conspiracy, negligent misrepresentation, and violation of Florida's Deceptive and Unfair Trade Practices Act – alleges, and the record reflects, that virtually all direct

---

[1] The appellants are individuals, Jean Paul Charles and Thierry Goix, and limited liability companies, Septentriona Domus, LLC, and Meridiana Domus, LLC (collectively, "Appellants"). Charles and Goix, French nationals, own and manage these two limited liability companies.

[2] On December 15, 2022, final default judgments were entered against three of Appellees' co-defendants, Keystone Morgan Real Estate and Property Management, LLC ("Keystone Morgan"), Morgan Stachs, LLC and Bruno Cluzel. These judgments have not been appealed.

communications with Appellants were conducted through Bennett's business partner, Cluzel.[3] Similarly, the record reflects that, after Appellants' limited liability companies purchased the properties, the properties were managed, albeit briefly, by Keystone Morgan pursuant to written management agreements.

While not entirely clear from the operative complaint, it appears that Appellants seek to hold Bennett liable for their investment losses merely because of Bennett's affiliation with both Cluzel and Keystone Morgan. Even more derivatively, Appellants seek to impose liability on Keystone simply because it was controlled by Bennett and held a fifty percent interest in Keystone Morgan.

Appellees filed a joint motion for summary judgment in which they argue that there is no evidence that Bennett made any false representations to Appellants, no fiduciary relationship between Bennett and Appellants existed, and no basis for Bennett to be held personally liable for any alleged conduct of Cluzel or Keystone Morgan. As it relates to Keystone, the motion asserts that there is no evidence of any wrongdoing by Keystone nor is there

---

[3] In fact, only Cluzel was able to communicate with Charles and Goix in French.

any basis to hold Keystone liable for any conduct of either Cluzel or Keystone Morgan.

After conducting a September 27, 2023 hearing, the trial court entered a detailed, thirteen-page summary judgment order in Appellees' favor. Ultimately, the trial court entered the challenged summary final judgment from which Appellants take this appeal.

## II.     Analysis[4]

Because Appellants, the nonmovants, bore the burden of proof at trial, Appellees' summary judgment motion needed only to demonstrate that there was an absence of proof to support Appellants' case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). The corollary of this Celotex rule is that a movant for summary judgment need not present evidence when the burden of persuasion at trial is on the nonmovant. Coury v. City of Tampa, 397 So. 3d 805, 811-12 (Fla. 2d DCA 2024). Once the moving party demonstrates an absence of proof, "it is incumbent upon the nonmoving party to come forward with evidentiary material demonstrating that a genuine issue of material fact exists as to an element necessary for the non-movant to prevail at trial." Rich v. Narog, 366 So. 3d 1111, 1118 (Fla. 3d DCA 2022); see Fla.

---

[4] We review a summary judgment de novo. Ibarra v. Ross Dress for Less, Inc., 350 So. 3d 465, 467 (Fla. 3d DCA 2022).

4

R. Civ. P. 1.510(c)(1)(A). "If the evidence [presented by the nonmovant] is merely colorable, or is not significantly probative, summary judgment may be granted." Rich, 366 So. 3d at 1118 (quoting In re Amends. to Fla. Rule of Civil Procedure 1.510, 309 So. 3d 192, 193 (Fla. 2020)). "[T]he nonmovant's evidence must be of sufficient weight and quality that 'reasonable jurors could find by a preponderance of the evidence that [the nonmovant] is entitled to a verdict.'" Id. (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)).

In this case, Appellees met their initial summary judgment burden; thus, to defeat Appellees' summary judgment motion, it was incumbent upon Appellants to identify probative record evidence that, if believed by a factfinder, would entitle them to a verdict. For example, to establish their misrepresentation claims against Appellees, Appellants had to point to probative record evidence showing that Bennett made misrepresentations to them, upon which they detrimentally relied. See Susan Fixel, Inc. v. Rosenthal & Rosenthal, Inc., 842 So. 2d 204, 209 (Fla. 3d DCA 2003) (fraudulent inducement); see also Ruiz v. Warren Henry Autos., Inc., 949 So. 2d 261, 262 (Fla. 3d DCA 2007) (negligent misrepresentation). Similarly, regarding their claims against Keystone, Appellants either had to identify

5

wrongful conduct of Keystone or a basis for finding Keystone liable for the alleged conduct of Keystone Morgan or Cruzel.

In sum, we agree with the trial court that Appellants failed to make any showing that that there existed a genuine issue of fact regarding any of the claims Appellants asserted against Appellees. Our *de novo* review of the record reveals no probative evidence that would allow Appellants to prevail at trial on any of their asserted claims. Accordingly, we affirm the challenged summary final judgment.

Affirmed.