583 So.2d 1092 (1991)
Debra EMANUEL, Appellant,
v.
UNITED STATES FIDELITY AND GUARANTY COMPANY, et al., Appellees.
No. 90-2270.
District Court of Appeal of Florida, Third District.
July 23, 1991.
Rehearing Denied September 9, 1991.
*1093 Kind, Rosenthal & Zane, and Jeffrey H. Rosenthal, and Richard Retamar, for appellant.
Ponzoli & Wassenberg, Wolpe, Leibowitz, Berger & Brotman, and Steven R. Berger, and Bradley H. Trushin, for appellee U.S. Fidelity and Guar. Co.
Touby Smith DeMahy & Drake, and Kenneth R. Drake, for appellee Century Underwriters, Inc.
Before FERGUSON, JORGENSON and GERSTEN, JJ.
PER CURIAM.
Appellant, Debra Emanuel (Emanuel), appeals a final summary judgment entered in favor of appellee, United States Fidelity & Guaranty Company (USF & G). We affirm in part and reverse in part.
Emanuel was involved in an automobile accident with an uninsured motorist and filed a claim with her insurer, USF & G. Over the course of about one year, USF & G made payments to Emanuel for automobile repairs, lost wages, and medical expenses. Thereafter, the parties entered into a final settlement agreement in the amount of $7,000. Prior to paying the agreed settlement, USF & G discovered that Emanuel had not made the last quarterly payment on her policy. USF & G claimed, therefore, that the policy was not in effect at the time of the accident.
Emanuel asserts that USF & G is estopped from denying coverage because she relied on USF & G's conduct and statements, to her detriment. Emanuel claims she detrimentally relied on USF & G's representations by not obtaining another insurance policy prior to the accident, and by incurring other expenses after the accident she thought were covered by her insurance policy.
USF & G contends that Emanuel was not covered at the time of the accident. USF & G also contends that Emanuel did not establish detrimental reliance, the narrow exception to the general rule that promissory estoppel cannot be used to create or extend coverage.
It is well established in Florida that promissory estoppel may be utilized to create insurance coverage where to refuse to do so would sanction fraud or other injustice. Crown Life Insurance Company v. McBride, 517 So.2d 660 (Fla. 1987). Such injustice may be found where the promisor reasonably should have expected that his affirmative representations would induce the promisee into action or forbearance, and where the promisee shows that such reliance was to his detriment. Mount Sinai Hospital of Greater Miami, Inc. v. Jordan, 290 So.2d 484 (Fla. 1974).
We find that USF & G's statements assuring Emanuel that she was covered prior to the accident, and USF & G's conduct in making payments to Emanuel after the accident, induced Emanuel to rely to her detriment. We do not find detrimental reliance with respect to the settlement agreement. Accordingly, we reverse the portion of the judgment that relates to the payments made for automobile expenses, lost wages and medical expenses, and affirm the portion of the judgment that relates to the settlement agreement.
Reversed in part, affirmed in part.