772 So.2d 1240 (2000)
Andre FLADELL, et al., Appellants,
v.
PALM BEACH COUNTY CANVASSING BOARD, etc., et al., Appellees.
Julius Katz, et al., Appellants,
v.
Florida Elections Canvassing Commission, etc., et al., Appellees.
Nos. SC00-2373, SC00-2376.
Supreme Court of Florida.
December 1, 2000.
*1241 Henry B. Handler, David K. Friedman, Donald Feldman and William J. Cornwell of Weiss & Handler, P.A., Boca Raton, Florida; Gary M. Farmer, Jr. of Gillespie, Goldman, Kronengold & Farmer, P.A., Fort Lauderdale, Florida; and David H. Krathen of the Law Offices of David Krathen, Fort Lauderdale, Florida, for Appellants in Case No. SC00-2373.
Deborah K. Kearney, General Counsel, and Kerey Carpenter, Assistant General Counsel, Tallahassee, Florida; Victoria L. Weber and Donna E. Blanton, Tallahassee, Florida, and David I. Spector, West Palm Beach, Florida, of Steel, Hector & Davis, LLP, on behalf of the Secretary of State Katherine Harris, Clay Roberts, Director of the Division of Elections, and the Elections Canvassing Commission; Barry Richard of Greenberg, Traurig, P.A., Tallahassee, Florida, on behalf of George W. Bush; and Leonard Berger, West Palm Beach, Florida; Bruce Rogow and Beverly A. Pohl, Fort Lauderdale, Florida; and Robert M. Montgomery, Jr., West Palm Beach, Florida, on behalf of Palm Beach County Canvassing Board, and Theresa Lepore, Supervisor of Elections, for Appellees in Case No. SC00-2373.
Michelle G. Trca of Michelle G. Trca, P.A., Fort Lauderdale, Florida; and Charles Frederick Chester of the Law Offices of Charles F. Chester, Washington, D.C., for Appellants in Case No. SC00-2376.
Deborah K. Kearney, General Counsel, Florida Department of State, Tallahassee, Florida; Victoria L. Weber and Donna E. Blanton, Tallahassee, Florida, and David I. Spector, West Palm Beach, Florida, of Steel, Hector & Davis, LLP, on behalf of the Secretary of State and the Elections Canvassing Commission; Barry Richard of Greenberg, Traurig, P.A., Tallahassee, Florida, on behalf of George W. Bush; *1242 Leonard Berger, West Palm Beach, Florida, on behalf of Palm Beach County Canvassing Board; and Bruce Rowgow and Beverly A. Pohl, Fort Lauderdale, Florida, and Robert M. Montgomery, Jr., West Palm Beach, Florida, on behalf of Theresa Lepore, Supervisor of Elections, for Appellees in Case No. SC00-2376.
PER CURIAM.
We have for review a trial court order appealed to the Fourth District Court of Appeal, which certified the order to be of great public importance and to require immediate resolution by this Court. We have jurisdiction pursuant to article V, section 3(b)(5) of the Florida Constitution.
The issue in this case concerns the legality of the form of the ballot used in Palm Beach County, Florida, in the November 7, 2000, general election for the President and Vice President of the United States. The remedy sought by the appellants[1] is a re-vote, a new election, or a statistical reallocation of the election totals in Palm Beach County.
In the trial court below, the appellants filed complaints containing several claims for declaratory, injunctive, and other relief. After holding a hearing, the trial court denied relief. The appellants appealed to the Fourth District Court of Appeal, which certified the trial court's order to this Court based on the Court's "pass-through" jurisdiction. In their briefs, the appellants have asked this Court to rule on the legality of the Palm Beach County ballot. They claim that the ballot is patently defective on its face in that the form and design of the ballot violated the statutory requirements of Florida election law. The appellants contend that the ballot was confusing and, as a result, they fear that they may have cast their vote for a candidate other than the one they intended.
The ballot form alleged to be patently defective was attached to the complaints as an exhibit. Exhibits attached to a pleading become a part of the pleading for all purposes. See Fla. R. Civ. P. 1.130(b). If an exhibit facially negates the cause of action asserted, the document attached as an exhibit controls and must be considered in determining a motion to dismiss. See Health Application Sys., Inc. v. Hartford Life & Accident Ins. Co., 381 So.2d 294, 297 (Fla. 1st DCA 1980).
As a general rule, a court should not void an election for ballot form defects unless such defects cause the ballot to be in substantial noncompliance with the statutory election requirements. See Nelson v. Robinson, 301 So.2d 508, 510 (Fla. 2d DCA 1974) (rejecting a post-election challenge based upon an alleged defect in the alignment of the candidates' names on the ballot). When considering a petition alleging a violation in the form of the ballot,[2] "a vital consideration guiding the courts in determining whether an election should be voided is the reluctance to reach a decision which would result in the disfranchisement of the voters. Indeed, as regards defects in ballots, the courts have generally declined to void an election unless such defects clearly operate to prevent that free, fair and open choice." Id. at 510.
In the present case, even accepting appellants' allegations, we conclude as a matter of law that the Palm Beach County ballot does not constitute substantial noncompliance with the statutory requirements mandating the voiding of the election. This was the threshold issue in respect to whether the complaints stated a cause of action. Accordingly, we affirm the trial court's dismissal with prejudice of the complaints. Because the dismissal would be proper on that basis, we conclude that all other issues ruled upon by the trial court were not properly reached *1243 and, therefore, the court's rulings thereon are a nullity.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
NOTES
[1] The appellants in this case are electors from Palm Beach County.
[2] We note that in this case we consider and rule upon only the narrow issue regarding the form of the ballot in Palm Beach County.