827 So.2d 1090 (2002)
U.S. SECURITY INSURANCE COMPANY, Appellant,
v.
Ganesh SHIVBARAN, et al., Appellees.
No. 3D01-1879.
District Court of Appeal of Florida, Third District.
October 16, 2002.
*1091 Michael A. Nuzzo, Miami; David B. Pakula, for appellant.
Conroy, Simberg, Ganon, Krevans & Abel and Hinda Klein, Hollywood, for appellees.
Before JORGENSON, GODERICH, and SHEVIN, JJ.

ON MOTION FOR CLARIFICATION GRANTED
PER CURIAM.
We grant the Motion for Clarification; withdraw our opinion of September 4, 2002; and substitute the following opinion in its stead.
U.S. Security Insurance Company appeals from a final judgment in favor of its insured, Ganesh Shivbaran. For the following reasons, we reverse and remand.
In June, 1993, Ganesh Shivbaran [insured] purchased an automobile insurance policy from U.S. Security Insurance Company [insurer] and financed payment of the premiums through Mondial Finance Company. In the financing agreement, the insured appointed the finance company as his attorney in fact with power to cancel the policy for non-payment of premiums. On August 6, 1993, the finance company mailed the insured a ten-day notice of intent to cancel for his failure to pay the August 1 premium, if he failed to pay the premium by August 16. There is no dispute that the insured received this notice.
The insured did not reply to that notice and did not pay the overdue premium. On August 17 the finance company mailed a notice of cancellation to the insured and the insurer effective August 29, 1993. The notice was mailed by certified mail; there is no dispute that the insured and the insurer received it.
On August 13, 1993, four days earlier, the insurer had issued a separate 45-day notice of cancellation for "underwriting reasons"; the insurer gave a cancellation date of September 29, 1993. The two notices of cancellationone from the finance company, and one for the insurerobviously crossed in the mail.
On August 31, 1993, the insured was in an auto accident. The insurer initially adjusted his claim, but then discovered that *1092 the finance company had canceled the policy effective August 29. The insurer stopped processing the claim and refunded the unearned premium to the finance company based on the August 29 cancellation date.
The insured sued the insurer seeking coverage by estoppel, alleging that the insured had detrimentally relied on the insurer's August 13 cancellation notice which informed him that the policy would be effective until September 29, 1993, and that he had thus not sought other coverage.
The parties filed cross motions for summary judgment. The court granted the insured's motion; damages were determined; the insurer appeals.
Generally speaking, estoppel cannot be used affirmatively to extend coverage. See Crown Life Ins. Co. v. McBride, 517 So.2d 660, 661 (Fla.1987); United Automobile Ins. Co. v. Brooks, No. 3D01-2451, ___ So.2d ___, 2002 WL 1842517 (Fla. 3d DCA August 14, 2002). Although "promissory estoppel may be utilized to create insurance coverage where to refuse to do so would sanction fraud or other injustice," McBride, 517 So.2d 660, 662, no such circumstances appear in this case. "Such injustice may be found where the promisor reasonably should have expected that his affirmative representations would induce the promisee into action or forbearance, and where the promisee shows that such reliance was to his detriment." Emanuel v. United States Fidelity & Guaranty Co., 583 So.2d 1092, 1092 (Fla. 3d DCA 1991). The insured could not reasonably rely on the insurer's cancellation date of September 29 when he had twice been placed on notice that his policy would be cancelled earlier by the premium finance company for nonpayment of a premium, and he had failed to pay that premium.
In conclusion, we reverse and remand with directions to the trial court to grant the insurer's cross-motion for summary judgment.
REVERSED AND REMANDED.