MORSE, LLC, d/b/a Cyberknife
Center of Miami, Plaintiff,

v.

UNITED WISCONSIN LIFE
INSURANCE COMPANY,
Defendant.

No. 04–22435–CV–ALTONAGA,
04–22435–CV.

United States District Court,
S.D. Florida,
Miami Division.

Feb. 3, 2005.

Nancy Cayford Wear, Coral Gables, FL, Gregorio A. Dickson, Pinkert Law Firm, Miami, FL, for Plaintiff.

Kenneth Eugene White, Steven M. Ziegler PA, Hollywood, FL, for Defendant.

## ORDER ON PENDING MOTIONS

ALTONAGA, District Judge.

This cause came before the Court on Plaintiff, Morse, LLC, d/b/a Cyberknife Center of Miami's (hereinafter "Cyberknife['s]") Motion to Remand (D.E.5); and Defendant, United Wisconsin Insurance Company's (hereinafter "United['s]") Motion to Dismiss Plaintiff's Complaint (D.E.7). The Court has carefully considered the written submissions of the parties and applicable law.

### 1. *Motion to Remand*

██ Plaintiff seeks an order remanding this case to state court on the basis that removal was untimely under 28 U.S.C.

§ 1446(b). This case was removed by the Defendant, United, from the Circuit Court of the Eleventh Judicial Circuit on September 28, 2004. The original complaint was served upon by the Chief Financial Officer (formerly known as the Insurance Commissioner) for the State of Florida on August 30, 2004, and mailed to United on September 1, 2004, pursuant to Section 48.151(1), Fla. Stat. Under 28 U.S.C. § 1446(b), "the notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . ." In a case such as this one, this thirty day period "does not begin to run until after receipt by the Defendant through service and that would be when the summons and complaint was mailed by the Insurance Commissioner and Treasurer to the person being served." *Masters v. Nationwide Mutual Fire Insurance Co.,* 858 F.Supp. 1184, 1186 (M.D.Fla.1994).

Given that United did not receive the complaint until the earliest date of September 1, its September 28 Notice of Removal was timely and therefore the Motion is not well taken. United's request for an award of attorney's fees pursuant to Rule 11, Fed.R.Civ.P., contained in its response to the Motion to Remand, is denied.

### 2. *Motion to Dismiss*

In summary, the Complaint alleges that United operates as an authorized health insurer providing medical coverage under the name American Medical Security. *Complaint,* ¶ 3. Cyberknife operates a radiosurgery system for the treatment of cancer, and treated a United policyholder, Albert Lo ("Lo"), from May 10, 2004 through May 14, 2004 for a life-threatening cancer condition. *Comp.,* ¶¶ 5,7. United authorized its policyholders, including Lo, to seek treatment from specialists with or without approval, and a specialist recommended that Lo receive treatment by Cyberknife. *Comp.,* ¶¶ 8,9,10. Cyberknife alleges that an "ERISA Claim Exchange" Proposal, attached as Exhibit 1 to the Complaint, evidences United's acceptance of the necessity for this treatment, *Comp.* ¶ 12, although the Exhibit nowhere shows that acceptance, but rather contains language constituting an offer which is not shown on the face of the Exhibit to have been accepted.

Cyberknife alleges it obtained prior approval from United for Lo's treatment, and was told the medical condition was covered under Lo's plan with United. Again, Cyberknife refers to Exhibit 1 as proof of United's approval for Cyberknife to administer Lo the treatment, *Comp.,* ¶ 15, although the Exhibit does not so indicate. Then, it is alleged this authorization and approval of payment amount to an express contract for payment of the radiosurgery treatment, that Cyberknife was authorized to receive direct payment and became a beneficiary under Lo's policy, *Comp.,* ¶ 16, and that United benefitted from the services rendered to Lo and knew a fee would be charged. *Comp.,* ¶¶ 19, 20. United "assented and agreed" through a "well-established course of dealings" to pay for the services. *Comp.,* ¶ 21. Cyberknife billed United and United has failed to pay the claims.

United seeks an order dismissing the six-count Complaint in its entirety for failure to state a claim. "Dismissal is appropriate where it is clear the plaintiff can prove no set of facts in support of the claims in the complaint. Accordingly, the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall County Bd. of Educ. v. Marshall*

*County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir.1993) (citations omitted). "In ruling on a motion to dismiss, the Court is constrained to review the allegations as contained within the four corners of the complaint and may not consider matters outside the pleading without converting the defendant's motion into one for summary judgment." *Crowell v. Morgan Stanley Dean Witter Services, Co.*, 87 F.Supp.2d 1287, 1290 (S.D.Fla.2000); *see also Milburn v. United States*, 734 F.2d 762, 765 (11th Cir.1984) ("Consideration of matters beyond the complaint is improper in the context of a motion to dismiss .... [T]he court converts a motion to dismiss into a motion for summary judgment by considering matters beyond the complaint.").

"In ruling on the motion to dismiss the district court must [also] accept the well pleaded facts as true and resolve them in the light most favorable to the plaintiff." *St. Joseph's Hosp., Inc. v. Hosp. Corp. of America*, 795 F.2d 948, 954 (11th Cir.1986). "When the allegations contained in a complaint are wholly conclusory, however, and fail to set forth facts which, if proved, would warrant the relief sought, it is proper to dismiss for failure to state a claim." *Davidson v. Georgia*, 622 F.2d 895, 897 (5th Cir.1980).

#### a. Count I—Breach of Contract

■ In Count I, Cyberknife reincorporates all of the preceding, summarized allegations, and alleges that United has breached its obligations under the "implied and expressed contract agreement with Cyberknife." *Comp.*, ¶ 29. It is elementary that the elements of a breach of contract action are: "(1) a valid contract; (2) a material breach; and (3) damages." *J.J. Gumberg Co. v. Janis Services, Inc.*, 847 So.2d 1048, 1049 (Fla. 4th DCA 2003). There are general allegations supporting the existence of a contract between the parties and its breach by United, although admittedly the exhibits attached certainly do not support those elements. As United correctly points out, Exhibit 1 is not a contract between the parties, but quite the contrary, negates Cyberknife's first cause of action. *See, e.g., Fladell v. Palm Beach County Canvassing Board*, 772 So.2d 1240, 1242 (Fla.2000)("If an exhibit facially negates the cause of action asserted, the document attached as an exhibit controls and must be considered in determining a motion to dismiss.")

Nevertheless, despite the deficiencies noted, the pleading sufficiently states a cause of action for breach because it is not entirely premised on the existence of a written contract.

#### b. Count II—Quantum Meruit

■ Count II does not state a cause of action for quantum meruit for the very reason identified by United: it incorporates the allegations that precede it concerning the existence of a contract between the parties. *See, e.g., Corn v. Greco*, 694 So.2d 833, 834 (Fla. 2d DCA 1997)("Quantum meruit relief is founded upon the legal fiction of an implied contract. This fiction cannot be maintained, however, when the rights of the parties are described in a written contract.").

#### c. Counts III (Open Account) and IV (Account Stated)

■ An open account is "an unsettled debt arising from items of work and labor, goods sold and delivered with the expectation of further transactions subject to future settlement and adjustment." *Robert W. Gottfried, Inc. v. Cole*, 454 So.2d 695, 696 (Fla. 4th DCA 1984). Moreover, an open account "should not include express contracts or other obligations that have been reduced to writing." *H & H Design Builders, Inc. v. Travelers' Indem. Co.*, 639 So.2d 697, 700 (Fla. 5th DCA 1994).

"An account stated comes into being when a creditor periodically bills a debtor for a certain amount, which amount is not objected to within a reasonable time." *Dudas v. Dade County*, 385 So.2d 1144 (Fla. 3d DCA 1980); *see also Robert C. Malt & Co. v. Kelly Tractor Co.*, 518 So.2d 991, 992 (Fla. 4th DCA 1988).

 Again, as observed by United, Counts III and IV fail to allege the necessary elements for an open account or account stated, respectively. Count III incorporates the earlier allegations of the existence of an express contract between the parties, and does not allege an expectation of future transactions. As to Count IV, Composite Exhibit 2 reflects an objection to a one-time claim, not bills which were periodically submitted and not objected to as would be required for an account stated cause of action.

### d. Count V—Constructive Fraud

 "A constructive fraud is deemed to exist where a duty under a confidential or fiduciary relationship has been abused." *Rogers v. Mitzi*, 584 So.2d 1092, 1094 (Fla. 5th DCA 1991) (citations omitted). Count V, which purports to state a cause of action for constructive fraud, is missing the necessary allegations of the existence of a duty by United under a confidential or fiduciary relationship with Cyberrknife.

### e. Count VI—Promissory Estoppel

 A cause of action for promissory estoppel contains three elements: that the plaintiff detrimentally relied on the defendant's promise, that the defendant reasonably should have expected the promise to induce reliance in the form of action or forbearance by the plaintiff, and that injustice can only be avoided by enforcement of the promise. *W.R. Townsend Contracting, Inc. v. Jensen Civil Constr., Inc.*, 728 So.2d 297, 302 (Fla. 1st DCA 1999). " '[P]romissory estoppel may be utilized to create insurance coverage where to refuse to do so would sanction fraud or other injustice.' " *U.S. Security Ins. Co. v. Shivbaran*, 827 So.2d 1090, 1092 (Fla. 3d DCA 2002)(quoting *Crown Life Ins. Co. v. McBride*, 517 So.2d 660, 662 (Fla.1987)). " 'Such injustice may be found where the promisor reasonably should have expected that his affirmative representations would induce the promisee into action or forbearance, and where the promisee shows that such reliance was to his detriment.' " *Id.* (quoting *Emanuel v. United States Fidelity & Guaranty Co.*, 583 So.2d 1092, 1092 (Fla. 3d DCA 1991)).

 In Count VI, Cyberknife sufficiently alleges the elements necessary for promissory estoppel. However, in filing an amended complaint, Cyberknife is to delete its inclusion of the allegations concerning the parties' express contract from Count VI and is to plead Count VI in the alternative, alleging the inadequacy of a remedy at law.

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Remand (D.E.5) is **DENIED**.

2. The Defendant's Motion to Dismiss (D.E.7) is **GRANTED** in part. Counts II, III, IV, and V are **DISMISSED**. Plaintiff shall file an amended complaint by **February 23, 2005** that cures the deficiencies in the Complaint as outlined in this Order.