*Unifund CCR, LLC v. Zimmer*, No. 514-11-13 Wmcv (Wesley, J., Jan. 29, 2015).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT<br>Windham Unit | CIVIL DIVISION<br>Docket No. 514-11-13 Wmcv |

| | |
|---|---|
| Unifund CCR, LLC,<br>        Plaintiff<br><br>        v.<br><br>Daniel Zimmer,<br>        Defendant | DECISION ON THE MERITS |

This action for collection on an open account was tried to the Court on November 3 and December 17, 2014.[1] Plaintiff was represented by John Balkunas, Esq. Defendant was represented by C. Creek Kelsey, Esq. At the conclusion of the evidence, the Court left the record open until Jan. 16, during which period each party submitted proposed findings and conclusions.

**Discussion**

Claiming that it was authorized by a series of limited assignments to seek collection, Plaintiff asserted the right to judgment against Defendant in the amount of $2,453. 22, plus statutory interest running from the charge-off date June 8, 2010, on a credit card account allegedly opened by Defendant with Citibank.

*A. The Proffered Documents to Establish the Assignments Are Inadmissible as Hearsay*

Plaintiff attempted to establish its standing to enforce the Citibank obligation through the testimony of Brian Billings and Elizabeth Andres. Mr. Billings' testimony was offered in support of the purported transfer from Citibank to Pilot Receivables Management, LLC (Pilot). Ms. Andres testimony was offered in support of the purported transfers from Pilot to Unifund CCR, LLC (UCL), and from UCL to Unifund CCR Partners (UCP). UCP is Plaintiff.

Over objection by Defendant, both Mr. Billings and Ms. Andres identified documents, originally existing only in electronic form, purportedly representing the assignments of the open account on which Plaintiff sought judgment against Defendant. The Court admitted the documents provisionally, subject to making a later ruling after further consideration of the parties' briefing as to whether the documents came within the business records exception to the hearsay rule, V.R.E. 803(6). The Court now concurs with Defendant that Plaintiff has failed to establish the necessary foundation for the admissibility of these documents. See, *Portfolio Recovery Associates, LLC v. Strifler*, No. 420-10-10 Bncv (Vt. Sup. Ct., Sept 2, 2011)(Wesley, J.) citing *Unifund CCR Partners v. Bonfigli*, No. S1295-08 (Vt. Sup.Ct., May 5, 2010)(Toor, J.)

---

[1] The Court granted Defendant's motion to dismiss his counterclaim with prejudice at the outset of the trial.

Although testifying to having been designated a custodian of records within their respective business organizations, neither Mr. Billings nor Ms. Andres knew anything about the assignments at issue except from review of electronic data in preparation for this litigation. The Court cannot conclude from their testimony that either was qualified to authenticate the proffered exhibits as business records. Neither had sufficient association with the transactions to offer a credible opinion that the information contained in the electronic data was "made at or near the time [of its creation] by, or from information transmitted by, a person with knowledge". V.R.E.803(6).

Ms. Andres was particularly difficult to credit, as she claimed to have the requisite custodial qualifications on behalf of both assignor and assignee as to each of the two intervening assignments between Citibank and Defendant. Yet, when confronted with the significant inconsistency between the copy of the assignment from UCL to Plaintiff which Plaintiff attached to its complaint, and the copy produced at trial in the documents she offered to authenticate, she was unable to reconcile the discrepancy. The two asserted final assignments were each dated the same day, but had different signatories. The chain of ownership of the account subject to the complaint for collection in this case cannot be established due to the unreliability of the proffer of the record of electronic transfers.

### B. Plaintiff Has Failed to Establish Standing

Even were the Court to admit the records testified to by Mr. Billings and Ms. Andres, however, Plaintiff's effort to establish standing would still fall short. Each assignment – from Pilot to UCL, and from UCL to UCP (whether considering the copy attached to the complaint, or the one produced at trial executed by a different signatory) – contains the same language: while the document indicates that Assignor "transfers and assigns to Assignee all of Assignor's rights in the Receivables, for collection purposes only", the document goes on to provide, "Assignor shall retain title and ownership of such Receivables." Without having an ownership interest, Plaintiff did not acquire a cognizable interest in the account sufficient to support standing. See *Bischoff v. Bletz*, 2008 VT 16, ¶ 21, 183 Vt. 235 ("Any other conclusion would contravene one of the fundamental principles underlying the standing requirement, which is a 'general prohibition on a litigant's raising another person's legal rights.'") (quoting *Hinesburg Sand and Gravel Co. v. State*, 166 Vt. 337, 341 (1997)). See also *Shipley v Unifund CCR Partners*, 331 S.W. 3d 27 (Tex. App-Waco, 2010)(Plaintiff did not have a justiciable interest in a Citibank debt where assignments from other Unifund entitites purported to reserve ownership while assigning only the right to collection); *Fritz v. Resurgent Capital Services,* 955 f.Supp.2d 163 (E.D.N.Y. 2013).

### C. Plaintiff Has Failed to Establish the Terms of the Contract

Again, even assuming the admissibility of the records of the disputed assignments, Plaintiff has nonetheless failed to demonstrate that there ever was a contract between Citibank and Defendant. The electronic documents purporting to represent the terms of the contract are general, and incomplete as to the nature of the interest rate, whether at inception or as it may have varied over the term during which the card was used. Similarly, the copies of statements do not cover the span of the use of the card, and thus raising separate questions as

2

to the reliability of the business records as to the state amount at charge-off, even if the authenticating witness had been deemed qualified. Proof of the contract fails because the Court cannot determine the definite nature of its terms.

### D. Plaintiff Has Failed to Establish That Defendant Was a Party to The Contract

Finally, the testimony of Defendant and his father, Charles Zimmer, satisfies the Court that it was Charles Zimmer, not Defendant, who responded to Citibank's invitation to apply for a credit card, although he did so by using Defendant's name without Defendant's knowledge or authority. Although claiming that he did so in order to establish credit for his son, it is likely that Charles Zimmer was doubtful that a credit card would be issued to him in his own name due to credit issues undisclosed to Citibank. Thereafter, Charles Zimmer obtained the card issued in Defendant's name, and has been responsible for the overwhelming majority of charges assigned to the account. The statements were sent to Charles Zimmer's home address, and for many years he paid them, until financial reverses caused him to go into default which eventually resulted in the charged-off balance. On rare occasions, Defendant was given possession of the card by his father, and used it for a few purchases. These purchases, however, together with Defendant's acknowledgment that he noticed the card was in his name, are insufficient to support the inference of a contractual relationship between Citibank and Defendant for every charge attributed to the credit card. Defendant plausibly testified that he assumed his father, as cardholder, had authorized a card in Defendant's name.

During most of the span in which the Citibank card was active, Defendant lived in Vermont. Citibank never identified any of Defendant's addresses with locations to which statements were sent. Indeed, Defendant was unaware of any claim by Citibank against him for the balance once the account went in default until he discovered it in a credit report while applying for a mortgage. Defendant initiated contact with Citibank in an attempt to resolve the reporting encumbrance, after which Plaintiff initiated this lawsuit based on the current address information provided by Defendant. The Court finds Defendant's account of having initiated the contact with Citibank lends support to his testimony that he never applied for the Citibank credit card and only used it on rare occasions with his father's permission, believing that it was his father's card.

The Court acknowledges that Charles Zimmer's testimony is challengeable as conveniently arranged to support his son's defense. Nevertheless, particularly as the testimony was made against penal interest, because it exposed Mr. Zimmer to civil liability, and because it is consistent with much of the other evidence - including the respective residences of father and son, as well as the pattern of purchases most of which were plainly made by Charles Zimmer – the Court gives it sufficient credit to conclude that Plaintiff has not proved Defendant's contractual obligation by a preponderance of the evidence.

### E. Plaintiff Has Not Demonstrated a Basis for Recovery for Unjust Enrichment

Plaintiff's alternative theory of recovery under quasi contract or unjust enrichment is also unsupported. Despite seeking to raise an alternative ground for judgment, Plaintiff's proofs are all related to its contract claim. See, *D.J. Painting, Inc. v. Baraw Enterprises,* 172 Vt. 239 (dispute arose from a claimed contract, thus quantum meruit not warranted); *Morse LLC v.*

*United Wis. Life Ins. Co.*, 356 F.Supp. 2d 1296 (allegation of an express contract inconsistent with alternative plea of quantum meruit). In any event, as Defendant argues, the claim that he has been unjustly enriched in the amount of the outstanding balance of the open account is wholly at odds with the evidence that most of the purchases charged to the card were made by his father.

**WHEREFORE,** it is hereby **ORDERED** : Judgment is entered for Defendant Daniel Zimmer on Plaintiff's complaint. Judgment is entered for Plaintiff Unifund CCR Partners on Defendant's counterclaim.

Electronically signed on January 29, 2015 at 02:21 PM pursuant to V.R.E.F. 7(d).

_____
John P. Wesley
Superior Court Judge

4