THIS CAUSE comes before the Court upon Defendant's Medica Health Plans, Inc.'s Motion to Dismiss. D.E. 43.
THE COURT has considered the Motion, the pertinent portions of the record and is otherwise fully advised in the premises.
I. Background
Baptist Hospital of Miami, Inc., South Miami Hospital, Inc., Doctors Hospital, Inc., Homestead Hospital, Inc., and West Kendall Hospital, Inc. (collectively, "Plaintiffs" or the "Hospitals") filed this lawsuit to recover payment for denied benefit claims for services provided to Medicare beneficiaries enrolled in Medica's Medicare Advantage plans ("Medica Members"). D.E. 1-1. Specifically, Plaintiffs and Medica Healthcare Plans, Inc. ("Defendant" or "Medica") entered into the Medica Hospital Provider Agreement, which "obligated Medica to compensate [the Hospitals] for [Covered] Services furnished to [Medica's] members pursuant to this agreement and the rates and charges set forth [in it]." Id. ¶ 8 (alterations in original). Pursuant to this agreement, Plaintiffs claim they are entitled to recover more than $ 800,000 for medically necessary and covered services provided to Medica Members between January 2017 and January 2018. Id. ¶¶ 13-101. In the complaint, Plaintiffs bring four causes of action against Defendant: (i) breach of contract (Count I); (ii) unjust enrichment/breach of implied-in-law contract (Count II); (iii) promissory estoppel (Count III); and (iv) claim for benefits under contract by assignee (Count IV).
Defendant moves to dismiss the complaint pursuant to Federal Rules of Civil Procedure 10(b) and 12(b)(6). D.E. 43. Defendant argues that the complaint should be dismissed because Plaintiffs mass consolidated and insufficiently identified the disparate medical benefits claims at issue. Defendant further contends that the claims for unjust enrichment and promissory estoppel fail as a matter of law because they are not supported by sufficient allegations, or because Plaintiffs have a direct contract with Medica. Lastly, Defendant argues that the claim for benefits under contract by assignee fails because Plaintiffs have not attached or incorporated the assignment documents to the complaint. Plaintiffs filed their response in opposition to the motion to dismiss, D.E. 44, and Defendant filed its reply memorandum, D.E. 45. For the reasons discussed below, the Court denies the motion to dismiss.
II. Legal Standard
In order to state a claim, Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." While a court, at this stage of the litigation, must consider the allegations contained in the plaintiff's complaint as true, this rule "is inapplicable to legal conclusions." Ashcroft v. Iqbal , 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). In addition, the complaint's allegations must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (citing Bell Atlantic Corp. v. Twombly , 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly , 550 U.S. at 555, 127 S.Ct. 1955 ).
In practice, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Id. (quoting Twombly , 550 U.S. at 570, 127 S.Ct. 1955 ). A claim has facial plausibility when the plaintiff pleads factual *1292 content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. The plausibility standard requires more than a sheer possibility that a defendant has acted unlawfully. Id. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. Id. Determining whether a complaint states a plausible claim for relief is a context-specific undertaking that requires the court to draw on its judicial experience and common sense. Id. at 679, 129 S.Ct. 1937.
III. Analysis
A. Pleading Standards
In the motion to dismiss, Defendant argues that the complaint improperly mass consolidates and insufficiently identifies 88 individual medical benefits claims into four causes of action and, therefore should be dismissed. In response, Plaintiffs assert that the complaint meets the pleading requirements under Rule 10(b).
Rule 10(b) provides that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Rule 10(b) further provides that "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence ... must be stated in a separate count or defense." Fed. R. Civ. P. 10(b). The Eleventh Circuit has explained that Rules 8 and 10 work together:
to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.
Fikes v. City of Daphne , 79 F.3d 1079, 1082-83 (11th Cir. 1996) (citation omitted).
The Court concludes that Plaintiffs have satisfied the pleading requirements of Rules 8(a)(2) and Rule 10(b). The complaint contains consecutively numbered paragraphs, and each paragraph describes an individual medical benefit claim by listing the patient initials, patient account number, dates of service, and facility for that claim. The complaint also contains a chart with the above information, as well as the amount due for each claim.
Defendant further contends it is unable to respond to the complaint because Plaintiff has not alleged the services rendered, the reason for the denial, and why the denial was wrong in each claim. Defendant cites to cases involving ERISA claims, which the Court finds unpersuasive. The Court is satisfied that Plaintiffs have alleged sufficient facts to put Defendant on notice of the claims being asserted against them and the grounds on which they rest. See Evans v. McClain of Georgia, Inc. , 131 F.3d 957, 964 n. 2 (11th Cir. 1997) ("A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests.") (quoting Sams v. United Food & Comm'l Workers Int'l Union , 866 F.2d 1380, 1384 (11th Cir. 1989) ). The Court finds Defendant's assertion that it will be unable to frame a responsive pleading unavailing. Finally, the complaint is sufficient to allow the Court to determine whether Plaintiffs have "stated any claims upon which relief can be granted." Fikes , 79 F.3d at 1082.
*1293 B. Alternative Claims of Breach of Contract, Unjust Enrichment, and Promissory Estoppel
Next, Defendant argues that the unjust enrichment and promissory estoppel claims must be dismissed because Plaintiffs have alleged an adequate legal remedy in their breach of contract claim. In response, Plaintiffs contend that they are permitted to plead unjust enrichment and promissory estoppel claims in the alternative. Courts have held that a plaintiff may pursue "the alternative claims of breach of contract, unjust enrichment and promissory estoppel in separate counts. " JI-EE Indus. Co. v. Paragon Metals, Inc. , No. 09-81590-CIV, 2010 WL 1141103, at *1 (S.D. Fla. Mar. 23, 2010) (citations omitted) (emphasis added); Doe v. Roe , No. 17-23333-CIV, 2018 WL 4698886, at *2 (S.D. Fla. Sept. 29, 2018). Under Florida law, "[i]t is only upon a showing that an express contract exists that the unjust enrichment or promissory estoppel count fails. Until an express contract is proven, a motion to dismiss a claim for promissory estoppel or unjust enrichment on these grounds is premature." Sader v. Padron , No. 1:18-CV-22891-UU, 2018 WL 7287159, at *5 n. 1 (S.D. Fla. Dec. 19, 2018) (quoting Mobil Oil Corp. v. Dade County Esoil Mgmt. Co., Inc. , 982 F. Supp. 873, 880 (S.D. Fla. 1997) ).
While alternative claims are permissible, Defendant is correct that "a complaint cannot allege an express agreement in a claim for unjust enrichment or promissory estoppel." JI-EE Indus. Co. , 2010 WL 1141103, at *1 (citations omitted). In the claim for promissory estoppel, Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 104 of the complaint. D.E. 1-1 ¶ 121. Paragraphs 1, 6-11, and 101 contain allegations of an express agreement. Id. ¶¶ 1, 6-11, 101. Accordingly, the Court will strike Paragraph 121 of the complaint, to the extent that it incorporates Paragraphs 1, 6-11, and 101 to correct this internal inconsistency.
C. Failure to State a Cause of Action for Unjust Enrichment and Promissory Estoppel
Defendant argues that Plaintiffs have failed to state a claim for unjust enrichment because they have not sufficiently alleged that they conferred a direct benefit on Defendant, for which it had knowledge. Taking the factual allegations as true, the Court finds that Plaintiffs have plausibly alleged this element of its unjust enrichment claim. See Merkle v. Health Options, Inc. , 940 So. 2d 1190, 1199 (Fla. 4th DCA 2006) (finding that a medical provider stated a cause of claim for unjust enrichment against an HMO where it alleged that the medical provider's treatment of an HMO subscriber conferred a benefit on the HMO). Here, Plaintiffs allege that "[t]he Hospitals conferred a direct benefit on Medica by providing valuable medical services to members of Medica's healthcare plans with the authorization, knowledge, and/or approval of Medica." D.E. 1-1 ¶ 114. Plaintiffs claim that "[e]ach of the medical services were covered by one or more of Medica's plans, and the provision of medical services to the members directly benefits Medica by fulfilling Medica's duties to its members to provide for such medical services, including the Claims." Id. ¶ 115. Plaintiffs also allege that when Medica approved the Hospitals' provision of medical services to the Medica Members, and voluntarily accepted and retained the benefits conferred on it, Medica was aware that the Hospitals expected payment for the reasonable value of their services. Id. ¶¶ 116-18.
In addition, Defendant asserts that Plaintiffs have failed to state a cause of *1294 action for promissory estoppel because they have not alleged sufficient facts to demonstrate a definitive promise that Medica promised to pay for the healthcare services rendered to the Medica Members. Taking the well-pled factual allegations as true, the Court finds that Plaintiffs have stated a plausible claim for promissory estoppel. See Morse, LLC v. United Wisconsin Life Ins. Co. , 356 F. Supp. 2d 1296, 1300 (S.D. Fla. 2005) (citation omitted). Specifically, Plaintiffs allege that Medica's confirmations and identification cards indicated the services rendered and that Medica would be responsible to pay the claims. Id. ¶ 126. Moreover, Plaintiffs allege that Medica provided its members with identification cards for the purpose of presenting them to providers in order to receive medical services and that the Hospitals contacted Medica to confirm coverage. Id. ¶¶ 122-25. The Hospitals provided medical services in reliance on Medica's confirmations and cards. Id. ¶ 126. Thus, Plaintiffs have stated a plausible claim for promissory estoppel.
D. Claim for Benefits Under Contract Assignee
Finally, Defendant argues that Plaintiffs' claim for benefits under contract by assignee fails because they have not attached or incorporated into the complaint the written provisions assigning the Medica Members' rights to receive insurance benefits to Plaintiffs. In response, Plaintiffs contend that they did not attach the assignment documents because they required, and have since received, a protective order before divulging protective health information. Plaintiffs further assert that the failure to attach the assignments to the complaint is not a valid basis for dismissal. The Court agrees that Plaintiffs were not required to attach the assignment documents to the complaint. In the claim for benefits under contract assignee, Plaintiffs sufficiently allege that the "members assigned to the Hospitals their right to receive insurance benefits owed according to their contract with Medica or its affiliates." D.E. ¶ 131; see also id. ¶ 130 (alleging the existence of a valid and enforceable agreement between Medica and its members at the time all services were rendered).
IV. Conclusion
Because Plaintiffs meet the pleading requirements as to the medical benefits claims at issue, state causes of action for the alternative claims of unjust enrichment and promissory estoppel, and sufficiently allege the existence of assignment agreements, the Court will deny the motion to dismiss. Accordingly, it is hereby
ORDERED AND ADJUDGED that the Motion (D.E. 43) is DENIED. Paragraph 121 of the complaint (D.E. 1-1) is hereby STRIKEN to the extent that it incorporates Paragraphs 1, 6-11, and 101. It is further
ORDERED AND ADJUDGED that Defendant SHALL file an answer to the complaint no later than June 19, 2019.
DONE AND ORDERED in Chambers at Miami, Florida, this 10th day of June, 2019.